# The Chicago Artesian Well Company

*v.*

# The Connecticut Mutual Life Insurance Co. *et al.*

1. Cross bill—*whether germane to the subject matter of the original suit.* A party filed a petition to enforce a mechanic's lien, making, among others, a subsequent grantee of the fee in the premises, and a mortgagee, parties defendant. After the commencement of this proceeding the mortgagee, under a power contained in the mortgage, sold the premises to a third person, to whom a deed was made. Thereupon the owner in fee filed his cross bill, charging that the sale under the mortgage was in fraud of his rights, and asking relief in respect thereto: *Held,* the subject matter of the cross bill was germane to that of the original suit, although it was something which did not affect the interest of the petitioner himself, in the suit.

2. Same—*time for filing cross bill.* The cross bill in this case was not filed until after a final decree was entered in the original suit, declaring the rights of the parties in respect to their several liens, but as it did not propose to interfere in any way with the operation of that decree, nor tend to

delay the petitioner in securing his rights under it, the cross bill was regarded as filed in sufficient time to be considered. In a case so circumstanced, it ought never to be too late to file such a cross bill, so long as the court has control of the case.

3. SAME—*whether the cross bill should be retained after the original ground of suit is satisfied.* After the filing of the cross bill the claim of the original petitioner was paid, but it did not follow that the court had no power after that to determine questions between co-defendants. They were still before the court, not necessarily dismissed from it by such payment of the petitioner's decree, and the bill had not been dismissed. The cross bill in such case should be retained, for the purpose of settling the question presented by it, and it was erroneous to refuse a motion for a rule upon the defendant thereto to answer the same, at that stage of the proceedings.

4. EXCEPTIONS—*in chancery.* It is not necessary to except to the ruling of the court in a suit in chancery for improperly refusing a motion for a rule upon the defendant to a cross bill, to answer the same.

5. The rules of chancery practice do not require that exceptions should be taken to the various decisions of the court made in the progress of the cause.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. JOHN N. JEWETT, Mr. E. A. STORRS, and Mr. H. CRAWFORD, for the appellant.

Messrs. GOUDY & CHANDLER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the 8th day of July, 1867, the Northwestern Manufacturing Company filed its petition in the Superior Court of Chicago, to declare and enforce a mechanic's lien upon 40 acres of land, lying in Cook county, and known as the Artesian Well property.

The debt for which the lien was claimed was contracted by A. F. Croskey & Co. who, at the time of the creation of the debt, were owners of the fee of the premises.

This fee was afterwards, on the 12th of March, 1867, conveyed to the Artesian Well Company. The company was made a party defendant.

The Connecticut Mutual Life Insurance Company, and George S. Carmichael, the appellees, were made parties defendant, as mortgagees, and answered, the first, that it held a mortgage on the property for $15,000, and the last, that he held one for $7500, but neither asked to have his or its mortgage foreclosed, or for any affirmative relief.

Decree, on final hearing, February 18, 1868, found the amount due the petitioner to be $1950, and that it was entitled to a lien therefor; that Corey also had a lien for $2099.50 under a decree of the Superior Court of Chicago, dated December 16, 1867; that the Connecticut Mutual Life Insurance Company had a lien on the premises for $15,000 and interest from May 10, 1867, at 10 per cent, on account of a mortgage for that amount, executed to said company by Croskey and wife; that defendant Carmichael had a lien on said premises for the sum of $7500, with interest at 10 per cent from 15th of September, 1867, by virtue of a mortgage held by him, and the court found that sum due him on account thereof. The decree further found that Croskey and wife conveyed the premises to the Artesian Well Company, but subject to the above mentioned liens.

It further ordered and decreed, that the said Artesian Well Company, and the said Croskey, and the said Shufeldt, or any of the above named defendants, if they should so elect, have 90 days from the date of the decree to pay to the said petitioner the said sum of money so found due it, together with interest and costs; and in case the same should not be paid within said 90 days, it was ordered and decreed that after the expiration of the said 90 days, the said premises, including the land and buildings, be sold to pay and satisfy said several sums of money so found due and so becoming due to the above named parties; and in case of default in the payment of the money so found due the petitioner, the master to proceed and make the sale. Master to report the separate value of the land and improvements, and the fund to be deposited in court, and to be appropriated by the court to the payment of the said

above named sums of money, with interest, according to their respective priorities as therein established.

Prior to the expiration of this 90 days, the defendants sued out a writ of error from this court, which was made a *supersedeas*, and the proceedings under the decree stayed.

The cause was heard in this court at the September term, 1868, and the decree of the court below was in part reversed, and the cause remanded for the purpose of taking further testimony relative to the time when the materials were furnished and as to the priorities of some of the liens.

In May, 1869, this testimony was taken. It appears in the record that Carmichael, in the month of June, 1869, became the equitable owner of the Connecticut Mutual mortgage.

It also appears that, on the 5th day of January, 1870, Carmichael foreclosed his $7500 mortgage, and by virtue of a power of sale to himself therein contained, sold the property in question to James E. Starr, under a notice of sale given December 22, 1869.

On the 28th day of January, 1870, a cross bill was filed by Storrs & Wilson, as solicitors, in the name of the Chicago Artesian Well Company. It sets forth the sale to Starr as aforesaid for $9300, subject to said $15,000 mortgage ; that a deed had been executed and recorded ; charges that the sale was made fraudulently and by collusion with Starr; that the Well Company had no knowledge of the sale, or that Carmichael intended to make it; that it was made pending these proceedings ; that it was irregular and fraudulent, and prays that Carmichael and Starr be made defendants, and answer the bill, that a summons may issue to Starr, and the sale be set aside, and the complainants be allowed to pay off the mortgages, and makes offer to do so.

On the 14th day of February, 1870, Henry W. Bishop, Jr., was appointed receiver for the Artesian Well Company, in a suit in the Circuit Court of the United States.

February 14th, 1870, the affidavits of Rufus King and Allen C. Storey were filed ; that of the former, stating that he was

secretary of the Well Company, and that the filing of said cross bill was without any authority on the part of the company; and that of the latter, stating that he is the sole attorney of said Artesian Well Company in this suit, and that said cross bill was filed without his knowledge or authority, and without that of any officer of the company.

On the 7th of February, 1870, Carmichael, as the owner of the Connecticut Mutual mortgage, tendered to the Northwestern Manufacturing Company the amount of the lien which had been decreed to it as hereinbefore stated, which was refused, and he brought into court the sum of $2300, sufficient to cover the petitioner's lien, and costs, and on the 14th of March, 1870, filed his motion to have the decree satisfied and the suit dismissed.

This is one of the motions on which the order now appealed from was made.

On the same day, but immediately after the filing of Carmichael's motion, Bishop, as receiver of the Artesian Well Company, brought into court two several sums of money, to wit: 1st, the sum of $2250; 2d, the sum of $26,935.56. And thereupon the said receiver filed a petition on behalf of the Artesian Well Company, stating the making of said decree, and the establishing of the liens therein mentioned; also the reversal of the decree, the subsequent hearing, and that no final decree had been entered; praying that the sum first above mentioned in the petition might be applied and paid in satisfaction of the lien of the original petitioner, and that the second sum of money be applied in payment of the balance of the liens mentioned in the decree; and that Carmichael be ordered to bring into court his mortgages, notes and securities, to have the same cancelled, and that the Artesian Well Company might be declared to be the owner of the premises, free of and discharged from all liens and encumbrances.

And upon this petition a motion to the effect above mentioned was filed.

Upon the hearing of this motion, with that of Carmichael before mentioned, the order appealed from was made.

These several motions were not heard at that time, but were postponed from time to time until the final hearing on the 20th of July, as hereinafter mentioned.

On the 11th of June, 1870, the Northwestern Manufacturing Company filed its petition, asking to take the money deposited by the receiver, and, upon the receipt of the same, offered to satisfy the decree.

On the same day the affidavit of H. W. Bishop, Jr., was filed, stating his appointment as receiver as aforesaid ; that the records of Cook county showed a conveyance to Starr under a power of sale in Carmichael's mortgage ; that he was advised that it was necessary, for the protection of the rights of the Well Company, for the court, on entering satisfaction of the decree, by reason of the payments made into court on the 14th of March, to enter a further order barring all claims and titles of said purchaser *pendente lite,* and declaring the title of the Artesian Well Company, as decreed by the original decree herein, was in no wise annulled by such purchase, which he prayed might be entered.

On the 16th of July, 1870, Carmichael filed another petition, alleging that he was the owner of the Connecticut Mutual mortgage, and that there was then due upon it, principal, interest, etc., the sum of $21,613.13 ; that, as the receiver had obtained from Ricketts a sufficient amount of money to pay this claim, protesting that the mortgage was not merged in the decree, and that the deposit was not a lawful tender, he expressed a willingness to receive the money ; declined to receive the money on the $7,500 mortgage ; said he had sold the property under a power of sale to Starr, and had no further claim upon it in that respect, and prayed an order on the clerk to pay to him the amount of the mortgage to the Connecticut Mutual Life Insurance Company.

These several motions being pending, the court, on the 13th of June, 1870, ordered a reference to a master in chancery, to take proofs and depositions, and report the same to the court.

The master's report found, substantially, the truth of the matters as set forth in the foregoing motions, petitions and affidavits, and upon said report, petitions and affidavits, the following motions and petitions were heard:

*First.* The motion of Carmichael, filed March 14, 1870, to satisfy the decree and dismiss the suit.

*Second.* Motion of Carmichael, of 16th of July, for the payment of the money due the Connecticut Mutual Life Insurance Company, according to the prayer of his petition to that effect.

*Third.* Motion of Bishop, receiver, under his petition of March 14, to satisfy the decree as to the petitioner, and to compel Carmichael to produce and cancel his notes, mortgages and securities.

*Fourth.* Petition by Bishop, filed June 11th, 1870, praying that, on ordering satisfaction of the decrees herein, by reason of the payments heretofore made into court on the 14th day of March, 1870, that the court bar the right of Starr to purchase *pendente lite*, and that the title of the Artesian Well Company be not affected by it.

*Fifth.* Petition of the Northwestern Manufacturing Company to withdraw the amount of its lien from the money in court, and offering to satisfy the decree.

And the following order of the court was entered July 20, 1870:

"It is ordered by the court, that the sum due the petitioner, the Northwestern Manufacturing Company, upon the decree rendered herein at the February term, 1868, for $1950, with 6 per cent interest to March 14, 1870, and costs of the petitioner, be paid from the money paid by Henry W. Bishop, as receiver of the Chicago Artesian Well Company, to the clerk of this court on the 14th of March, 1870, and that the same be, and is, hereby declared a full satisfaction of the decree aforesaid; and the court overrules the motion to compel the defendants, the Connecticut Mutual Life Insurance Company, and George S. Carmichael to receive the money referred to in

the petition of the said receiver filed March 14, 1870, in satisfaction of their debts referred to in said decree, and refuses to enter any order with reference to said Mutual Insurance Company and Carmichael, to which decision of the court, in overruling the motion and refusing to enter any order with reference thereto, the Chicago Artesian Well Company, by its receiver's solicitors, excepted."

And the court overruled the motion of the defendant George S. Carmichael, and refused to grant the prayer of his petition filed on the 16th day of July, 1870, to which decision the said defendant, George S. Carmichael, by his solicitors, excepted.

And thereupon, the Chicago Artesian Well Company, by its receiver, moved for a rule on the defendants to a cross bill, filed January 28, 1870, to answer the same, and for summons against James E. Starr, which motion the court refused.

And the court further ordered the clerk to refund the sum of $2300 to George S. Carmichael, paid by him to the clerk, March 14, 1870, to which no objection was made.

And thereupon, the Artesian Well Company, by its receiver aforesaid, prayed an appeal to the Supreme Court of this State, from the order and judgment of the court below.

The Northwestern Manufacturing Company, the petitioner in this case, to enforce a mechanic's lien, has received the amount of its claim. The Connecticut Mutual Life Insurance Company has parted with its mortgage to Carmichael; so that the parties in interest in this suit have become reduced to the Artesian Well Company and George S. Carmichael.

The amounts of the two mortgages of the Connecticut Mutual Life Insurance Company, and of Carmichael, have been brought into court for him, but he declines to receive the amount of his own mortgage, for the reason that, since the rendition of the decree of sale in this case, he has himself proceeded under a power of sale given to him in the mortgage, and sold the property to James E. Starr, and has no further claim upon it, in this respect; and the matter in controversy in the suit, has really become narrowed down to the point,

whether the validity of Starr's title so acquired shall be tested in this suit, or in another one, to be subsequently commenced.

And it is only the action of the court below, in respect to the cross bill filed against Carmichael and Starr, that we shall consider. And in doing so, we wish to abstain from the expression of any opinion as to the sufficiency of Starr's title, leaving that to be adjudged upon the cross bill.

The position is taken that, on the payment of the petitioner's claim, the suit was at an end, and the court had no further power or jurisdiction in the case—that the matter of the cross bill was not germane to the subject matter of the original suit—and that it was filed and action asked under it at too late a stage of the proceedings.

The payment of the petitioner's claim and costs, it is true, was the attainment of the object of its suit, but it does not follow that the court had no power after that to determine questions between co-defendants. They were still before the court, not necessarily dismissed from it by such payment of the petitioner's decree, and the bill had not been dismissed. The Artesian Well Company and Carmichael were both properly made defendants in the petition, the one as owner of the fee, and the other as mortgagee of it; and the validity and amount of Carmichael's mortgage had been ascertained and fixed by the decree of the court to the end that, in case of the sale of the premises, for the satisfaction of the petitioner's lien, Carmichael, as mortgagee, might receive his share of the proceeds of the sale. If, during the progress of these proceedings in court, Carmichael, as claimed, undertook to foreclose his mortgage himself, and, as is claimed, by an unfair exercise of the power of sale given in it, made an irregular and void sale of the mortgaged premises to Starr, the appropriate occasion for the correction of such irregularity would seem to be in the same proceeding, so long as the parties were yet before the court.

The subject of the cross bill is a proceeding detrimental to the interests of the mortgagor, which has been had by the

mortgagee, in respect to the mortgage and mortgaged premises, since they were brought before the court for its action upon them, by the original bill; and it is no foreign matter, but directly connected with the subject matter of the original suit, and there is no ground for the claim, that it is not germane to the subject of that suit because it is something which does not affect the interest of the petitioner itself, in the suit.

The interests of defendants, so brought into court, are entitled to regard, and should not be denied protection. It should not be made a serious objection to this cross bill, that it was filed *after final decree,* when the final decree was rendered February 18, 1868, and the matter complained of in the cross bill did not take place until January 5, 1870.

The cross bill does not seek to open that decree, nor to disturb any proceeding which has been had in the suit. Its sole purpose is to set aside a sale of the property made to Starr.

The rules of chancery practice referred to, as to the proper time of filing a cross bill, to entitle it to be heard with the original bill, and that a defendant can not, after unnecessary delay, by interposing a cross bill, postpone the hearing of the original cause, seem to have little pertinency to this case, because the petitioner has obtained its satisfaction, and can not be delayed; and rules adopted to prevent delay do not apply here. In a case so circumstanced as the one before us, it ought never to be too late to file such a cross bill, so long as the court has control of the cause.

At the time the motion for a rule to answer the cross bill, and for an order for process upon it, were made, the money was on deposit for the payment of the mortgage liens, so that the parties could be put to no wrongful delay in obtaining what was actually due them; and the award of costs being discretionary with the court, no reason is perceived why the inquiry into the validity of the sale to Starr might not be had upon the cross bill as well as in any other way. A sale *pendente lite* is a sale with notice of the suit, and the purchaser

28—57TH ILL.

434        C. A. W. Co. *v.* C. M. L. I. Co.. *et al.*    [Sept. T.,

Opinion of the Court.

takes his title subject to whatever decree may be made in relation to the property in that suit.    To give the Artesian Well Company the full benefit of that rule, as against innocent purchasers from Starr, it may be important that the inquiry as to the validity of Starr's title, should be had in the present suit.

As to the cross bill being filed without authority, two affidavits to that effect appear to have been filed February 14, 1870, but no action of the court appears to have been asked or had upon them, or in view of them; and we can attach to them no significance.

The cross bill was filed January 28, 1870—it asked for a summons to Starr.    On filing the bill, it was the duty of the clerk, under the statute, to issue the summons.

The next step as to Carmichael, was, on his part, to answer the bill.    When, on the 20th day of July, 1870, the Artesian Well Company moved for a rule on Carmichael to answer the cross bill, and for a summons to Starr, the motion should have been granted.    The appellant was entitled to have his cross bill acted upon by the court.    And we do not regard the action of the court in refusing to do so, as merely discretionary.    It was unnecessary to except to the ruling of the court.    The rules of chancery practice do not require that exceptions should be taken to the various decisions of the court made in the progress of the cause.    *Smith* v. *Newland,* 40 Ill. 101.

So much of the order of the Superior Court as refused the motion for a rule to answer the cross bill, and for a summons to Starr, is reversed, and the cause is remanded for further proceedings, in conformity herewith.

*Decree reversed in part.*

LAWRENCE, C. J., and SCOTT, J., dissent.