CATHERINE CONDON, GUARDIAN, ETC.,

V.

JULIA CHURCHMAN, ADMINISTRATRIX, ETC.

*Guardian and Ward—Settlement—Report—Citation—Chancery Proceedings—Exceptions—Interpleader.*

1. Upon the citation of a guardian to make a report at the instance of the administratrix of the ward, this court holds that a settlement between the guardian and ward at about the time the latter became of age, she being in poor health, uneducated, of weak mind and under the influence of her guardian, can not stand.

2. On appeal to the Circuit Court from an order of a county judge, entered on the hearing upon a citation to a guardian, the case does not become a chancery proceeding merely because it is referred to a master to take testimony, and the judgment is called a decree and is in form appropriate to chancery proceedings.

3. In the case presented, there being no bill of exceptions, or exception taken to the final judgment or rulings of the trial court, the judgment for plaintiff can not be disturbed.

[Opinion filed February 14, 1890.]

IN ERROR to the Circuit Court of Calhoun County; the Hon. G. W. HERDMAN, Judge, presiding.

Mr. J. S. CARR, for plaintiff in error.

Mr. T. J. SELBY, for defendant in error.

WALL, J. The plaintiff in error, who was guardian of Mary Elizabeth Kliffens, was cited to make a report at the instance of the administratrix of the ward. She presented a report to

the County Court in response to the citation, which was not approved, but the court stated the account and found there was due from the guardian the sum of $10.45, from which finding and judgment the administratrix prosecuted an appeal to the Circuit Court. In the Circuit Court the cause was referred to the master in chancery to take the testimony.

As appears from the record the master reported certain testimony as taken by him, and the court, upon final hearing, charged the guardian with the sum of $750 in addition to the balance reported by the guardian, with six per cent per annum from November 20, 1880, with annual rests, for money real-ized by the guardian from the sale of the ward's real estate, and it was ordered that the guardian pay to the administra-trix of the ward the sum of $1,154, that being the amount found to be due in that behalf, within sixty days, and that the guardian pay the cost of the proceeding. Regarding the proof contained in the report of the master, it is somewhat uncertain whether the ward had attained the age of eighteen years when the real estate was sold, but her exact age is not a controlling circumstance in view of the other facts appearing from the report.

It appears that on the 20th of November, 1880, the ward then being probably about, if not a little over, the age of eighteen years, conveyed the land to the guardian, and that the latter on the same day conveyed to one Romain, who paid her therefor the sum of $750. It appears also that this was in pursdance of an arrangement agreed upon, before; Romain having desired for some time to acquire the land but the ward being unwilling to sell to him direct, or at least refusing to do so.

It is not denied that the guardian kept the money so received, but it is claimed that at or near the time of these conveyances the guardian and ward settled all matters between them, and that the guardian was to take the land in payment of all demands then held against the ward, and in further consideration was to keep and take care of the ward, who was then in failing health, the remainder of her life and give her remains after death a decent burial. It appears that the

Condon v. Churchman.

ward was then in very poor health; that she was uneducated, not of strong mind according to any of the proof, and quite the contrary according to some of it; that she was very decidedly under the influence and control of the guardian, who was her grandmother, with whom she then resided, as she had always during the guardianship, a period of about eleven years, and that the guardianship accounts were then unsettled. Under such circumstances the alleged settlement can not be permitted to stand. Carter v. Tice, 120 Ill. 277; Gillett v. Wiley, 126 Ill. 310; 1 Story Eq. Jur., Sec. 217; 2 Pomeroy's Eq. Jur., Sec. 961.

Aside from this consideration of the merits the judgment must be affirmed, because there is no bill of exceptions containing the evidence in the case, nor does it appear that any exception was taken to the final judgment or any of the rulings of the court. This was not a chancery proceeding. If it were this objection could not be made. Smith v. Newland, 40 Ill. 100; C. A. W. Co. v. C. M. L. I. Co., 57 Ill. 424.

It is true the testimony was taken by the master in chancery under an order of reference to him for that purpose, and that the final judgment was called a decree and is much in the form appropriate to chancery proceedings. This does not render it a chancery cause. It was, as already stated, a mere citation in the County Court upon the petition of the administratrix, and there was no occasion nor was there any order to transform it.

It was necessary to except to the rulings and final judgment and to preserve the evidence by bill of exceptions, in order to review the proceedings in a court of appellate jurisdiction.

The judgment will be affirmed.

*Judgment affirmed.*