Erna H. Eggers v. Peter Adler et al., on Appeal of Joseph Seranella, Appellant. Abraham Shayne, Appellee.

**Gen. No. 32,312.**

Opinion filed February 27, 1928.

MONAHAN & MONAHAN, for appellant.

KAMFNER, HORWITZ, HALLIGAN & DANIELS, for appellee; MAX DANIELS, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

The appellant is the owner of the equity of redemption of certain premises and appeals from an order which directed that $2,480.68, held by the clerk of the court, representing rents derived from the premises, was the property of Abraham J. Shayne, and that the same should be turned over to him.

The material facts seem to be undisputed, and are that on October 30, 1925, a bill to foreclose a certain trust deed was filed, to which Shayne as the holder of a second mortgage, and Seranella as the owner of the equity, were made defendants. On November 20, 1925, a receiver was appointed for the premises, and on February 15, 1926, the cause having in the meantime been referred to a master who took the proofs and reported, a decree of foreclosure was entered. It found the amount due to the complainant on the first mortgage to be $16,711.82 and interest, and allowed the complainant $1,000 for solicitors' fees, and further found that there is due the defendant, Abraham J. Shayne, "the owner of a mortgage or Trust Deed on said real estate; said Trust Deed securing a note in the sum of Four Thousand Dollars ($4,000), executed by Attorney W. Ziolkowski and Nettie Ziolkowski; both note and Trust Deed dated May 7th, 1925; that the said Trust Deed was recorded * * * and that there was due to the defendant, Abraham J. Shayne, on said note and Trust Deed on the date of the Master's Report herein, to-wit: January 27th, 1926, * * * the total amount * * * of Thirty-seven Hundred Seventy-nine Dollars and Thirteen Cents ($3,779.13)''; that Shayne had a lien on the premises secured by the trust deed described.

The trust deed appears a part of the record as ''Exhibit No. 1.'' Besides other usual covenants it provides that upon the filing of any bill of complaint in a court having jurisdiction, the court may appoint

any suitable person receiver, with power to receive and collect the rents, issues and profits arising out of said premises and apply the same towards the payment of the expenses and costs in such proceedings, and any remainder upon the indebtedness.

March 19, 1926, the master filed his report of sale and distribution, showing that the proceeds of the sale were sufficient to pay the costs, expenses and the full amount due the complainant, Erna H. Eggers.

April 26, 1926, on motion of the solicitors for the receiver, an order, which recites notice to the parties, approved the final account of the receiver, confirmed his acts and doings and ordered that the balance in his hands, amounting to $1,142.60, be distributed, $300 to the receiver for his services and $250 to his attorneys for their services, and the balance to the owner of the equity of redemption, and that the motion to discharge the receiver be continued until April 28, 1926. An order was also then entered that Shayne be given leave to file a cross-bill by that time and that leave be given to all parties not in default to plead, answer or demur thereto within 20 days. No question was raised in the trial court or is argued here as to the propriety of this distribution.

April 28, 1926, Shayne filed his cross-bill in which he set up the prior proceedings, the report of the master, the findings of the decree, the sale of the premises, and the fact that no money was realized to satisfy his claim or any portion thereof; that the makers of his notes secured by the trust deed were insolvent; that the premises were insufficient security for the debt, and he prayed that a deficiency decree might be entered in his favor and a receiver appointed to collect the rents, issues and profits for his benefit during the period of redemption. The makers of the second trust deed were made defendants to the proceedings and a summons prayed against them. On the same day an order was entered which recites that Shayne

and Seranella had both been heard by their solicitors and that a receiver was appointed for the premises to collect the rents, issues and profits as prayed in the cross-bill, "for the benefit of said cross-complainant, Abraham J. Shayne."

May 11, 1926, Seranella answered the cross-bill averring that he was the owner in equity; that he neither admitted nor denied any of the other material allegations but demanded strict proof, and praying the same advantage of the answer as if he had pleaded or demurred.

June 22, 1927, the receiver presented his final report and account. An order was entered that $600 be paid to the receiver as compensation and a further sum of $600 to his attorneys, the balance remaining in his hands to be turned over to the clerk of the court and the receiver discharged.

July 1, 1927, Seranella filed a petition setting up the prior proceedings, averring that he was not personally liable upon the mortgage indebtedness mentioned in the cross-bill; that there was no deficiency decree against him; that he was legally and equitably entitled to the balance of the rents and profits in the hands of the clerk, and praying that the same should be paid to him.

Thereafter, on July 16th, the order turning over the money to Shayne, as hereinbefore recited, was entered.

The appellant contends that the mere entry of the order appointing the receiver in no way affects the rights of the parties to assert their claim to the funds; that appellant, as assignee of the rents from the owner of the equity of redemption, was entitled to the rents. His principal contention (and we think the controlling question in the case) is whether the court had jurisdiction to entertain the cross-bill, the term of court at which the original decree of foreclosure was entered and the master's report of sale approved and con-

firmed, having expired. On this point appellant relies upon *Burleigh v. Keck,* 84 Ill. App. 607.

In that case Keck, the appellee, was a party defendant to foreclosure proceedings as the holder of a second mortgage, and he filed an answer asking that he be paid the amount due under his second mortgage. He filed no cross-bill and asked no relief, save that he be permitted to participate in the distribution. Complainant obtained a decree adjudging his mortgage a lien and ordering a sale, which was had, and the master reported the satisfaction of the first mortgage but no surplus to apply on the second mortgage. After the expiration of the term of court at which the report of sale had been confirmed, Keck filed a petition asking for the appointment of a receiver, and an order was entered appointing a receiver who collected rents and profits during the period of redemption. Upon a contest between the assignee, the owner of the equity and Keck, the chancellor ordered the funds paid to Keck. This order was reversed in the Appellate Court, the opinion of the court stating that there were only two questions in the case: (1) as to whether Keck or Burleigh was entitled to the rents and profits; (2) as to whether Burleigh, by reason of having failed to prosecute his appeal from an order appointing a receiver could then maintain such appeal. The court answered both questions against Keck, saying that as he had not intervened until after the expiration of the term of the final decree by answer, cross-bill or petition to obtain the foreclosure of his mortgage, the appellant, Burleigh, as owner of the equity, was entitled to the rents and profits under the authority of *Davis v. Dale,* 150 Ill. 239, upon which appellant here also relies.

The case is distinguishable in that no cross-bill was there filed and further in the fact that the order appointing a receiver, unlike the one in this case, did not provide that the rents should be collected for the benefit of the holder of the second mortgage. That case

was decided by the Appellate Court in the March term, 1899. In the March term, 1904, in *Ruprecht v. Henrici,* 113 Ill. App. 398, this court was again called upon to pass upon the question of whether a receiver had been properly appointed upon petition of the holder of a second mortgage in the absence of a cross-bill, and the court held that a defendant who had answered in a proceeding of that kind could not have such relief except upon a cross-bill, citing *Smith v. West,* 103 Ill. 332, and *White v. White,* 103 Ill. 438. *Burleigh v. Keck, supra,* however, does not seem to have been cited, or at least is not referred to in that case. The order appointing the receiver was, however, reversed. The cause having been remanded, the defendant filed a cross-bill and a receiver was again appointed to collect the rents during the redemption period. In that case, of course, the cross-bill was not filed until after the foreclosure decree under the original bill had been entered and after the mortgaged premises had been sold. The master's report had been entered and a motion made to strike the cross-bill for that reason, but was denied. It was contended that the cross-bill was not a bill of foreclosure, but merely a bill to sequester the rents, and that this could not be done as the holder of the second mortgage had an adequate remedy at law. The Appellate Court, however, held that a court of equity, having jurisdiction of the subject matter, could not be ousted of its jurisdiction to settle matters of controversy growing out of the subject matter merely because in some one particular a remedy might have been had at law, and that, while in strict terms a further foreclosure and sale of the premises could not be had, there was still a fund growing out of the mortgaged premises which, in case of a deficiency decree, might have been applied to satisfy it; that the appellee as to the rents was equitably in the position of a mortgagee whose debt had not been paid in full by a foreclosure sale and who was entitled

to collect the rents on a deficiency decree. The court cited *Roach v. Glos,* 181 Ill. 440, as applicable.

This case reached the Supreme Court and is reported as *Ruprecht v. Muhlke,* 225 Ill. 188. The court held that the holder of a junior mortgage was entitled to the rents only from the date of filing the cross-bill and that the owner of the equity was entitled to the same prior thereto. The order was reversed and the cause remanded with directions. In the course of its opinion the court said:

"The next contention of the plaintiff in error is, that the cross-bill of defendant in error was not filed in apt time, and for that reason it is urged the second appointment of Clettenberg as receiver was improperly made. The general rule is that a cross-bill should be filed in apt time, which would usually be before final decree. (*Fread v. Fread,* 165 Ill. 228.) In this case, however, no attempt was made, by virtue of the cross-bill, to interfere with the final decree, which had been entered and executed by a sale of the premises prior to the time the cross-bill was filed. The sole object of the cross-bill was to reach, through a receiver, the rents, issues and profits of the premises sold, during the period of redemption. In *Chicago Artesian Well Co. v. Connecticut Mutual Life Ins. Co.,* 57 Ill. 424, which was a mechanic's lien suit, a cross-bill was filed after a final decree, declaring the rights of the parties in respect to their several liens, had been entered; but said cross-bill was not filed with a view to interfere in any way with the operation of that decree, nor did it tend to delay the petitioner in securing his rights under said final decree, hence the cross-bill was regarded as filed in sufficient time. We think the cross-bill was properly filed."

In *Haas v. Chicago Building Society,* 89 Ill. 498, it was held in a foreclosure case that a receiver might be appointed after final decree and foreclosure of sale upon due notice, the court saying that the necessity

for the appropriation of the rents to the payment of the mortgage debt might frequently not appear until after both decree and sale; that the amount due was often a matter of dispute and could only be determined by the decree, and what the property would sell for could only be ascertained with certainty from the result of the judicial sale; that if an appropriation of the rents on the indebtedness was justified by the surrounding facts before the sale, there was no good reason why the same and more weighty facts existing after sale might not warrant a similar procedure; that the security was not exhausted by the sale, for there was a fund included in it which was secondarily liable. The court further stated:

"We hold, then, both upon the principles of equity that lie at the foundation of the chancery court, and upon authority, a receiver may sometimes be allowed after decree and sale, and that a mortgagee does not, in all cases, exhaust his security by a foreclosure and sale. It is, however, a power that the chancellor would be slow to exercise except in an extreme case, and to prevent palpable wrong and injustice."

The appellant here attempts to distinguish this and other cases cited by the fact that in these cases the cross-bill was filed and the order appointing the receiver entered within the term at which the final decree of foreclosure was entered. This case is not distinguishable from *Ruprecht v. Muhlke, supra,* on that ground. The cross-bill there was filed several terms after the decree was entered. In any event, we think that distinction could not avail. While the decree of foreclosure and sale is a final one, it does not necessarily dispose of all the issues in the case or the subject matter of the suit. As to undisposed of matters, the jurisdiction of the court would continue until the whole matter is disposed of, although, of course, further proceedings would not be allowed to change or modify in any way the final decree theretofore en-

tered. The jurisdiction of the court of chancery over undisposed of matters does not end at the expiration of the term at which a particular final decree may be entered.

We think the court was not without jurisdiction and that the order was equitable and just, and it is affirmed.

*Affirmed.*

O'CONNOR, J., concurs.

MR. JUSTICE MCSURELY dissents.