Samuel Baker v. Chicago Title & Trust Company, Trustee, et al.
Appeal of Sidney Rubin, Appellant, v. Lena Sherman, Individually and as Trustee, Appellee.

Gen. No. 32,866.

Opinion filed December 19, 1928. Rehearing denied January 2, 1929.

HARRY C. DIAMOND and L. L. SMITH, for appellant; RUSSELL S. CLARK, of counsel.

FISCHEL, KAHN, HEART & EPSTEIN, for appellee.

MR. JUSTICE WILSON delivered the opinion of the court.

This is an appeal from a decree in favor of cross-complainant, Lena Sherman, and an order continuing a receivership for the purpose of collecting rents in order to satisfy the claim of the cross-complainant. The appeal is by Sidney Rubin, purchaser of the equity of redemption, claiming that the court did not have jurisdiction to continue the receivership, nor to enter the decree on the cross-bill. The original bill filed in the cause was entitled, *Samuel Baker v. Chicago Title & Trust Co., et al.*, and was for the foreclosure of a senior trust deed. On June 4, 1927, a decree of sale was entered in the circuit court and, among other things, the decree found the various amounts due to complainant and to certain defendants. Among other things found due were certain notes secured by a trust deed in the amount of $4,869.25 in favor of Lena Sherman, cross-complainant here.

Under the original decree the property was sold by the master for the sum of $24,000, which was insufficient to pay the amount found due the complainant, Baker. After the payment of certain prior liens and the costs incurred, it appears that there was a de-

ficiency due Baker to the amount of $65.55. The receiver continued in possession and proceeded with the collection of rents. On October 10, 1927, and after the entry of the decree of sale and the order confirming said sale, Sidney Rubin, cross-defendant, by leave of court, filed his intervening petition urging that he had purchased the equity of redemption and asking to be paid the amount of money in the hands of the receiver, after the payment of the deficiency decree and expenses, and also claiming the possession of the premises and the rents therefor during the remaining term of the equity of redemption. On October 24, 1927, on motion of Lena Sherman, the court entered an order granting her leave to file a cross-bill and continuing the receiver in possession.

The cross-bill set up the facts substantially as heretofore stated and in addition charged that the mortgagor was insolvent and unable to pay the mortgage debt; that the master's sale had produced sufficient to satisfy all prior mortgages and that there was nothing left for cross-complainant except the rents arising during the period of redemption. The trust deed, upon which the cross-complaint is predicated, contained the customary clause to the effect that the court had the power thereunder to appoint a receiver for the purpose of collecting rents and income from said property in reduction of the indebtedness secured by the trust deed.

There appears to be but one principal question involved, namely, as to whether or not the court had jurisdiction to permit the filing of a cross-bill in the proceeding for the purpose of collecting rents for the benefit of cross-complainant under her junior mortgage after the entry of the final decree in said cause and the sale of said property.

An examination of the original bill and the decree filed in said cause reveals the fact that the cross-complainant was a party to said suit and presented her

notes and trust deed and the amount found due her thereunder was ascertained and adjudicated by the court. The cross-bill is germane to the original bill and the parties and subject matter the same. The court in its original decree found as a matter of fact that after the sale there was not a sufficient fund out of which to pay complainant's indebtedness. The court further found, after the sale under the original decree, that there was a deficiency of $65.55. It was not necessary that the original decree should provide therein for a deficiency judgment, in the event the sale was insufficient to pay the amount of the senior mortgage and the liens on said property. This finding could have been entered by the court after the entry of the original decree and after the sale had demonstrated that the property was insufficient to pay the amount of the liens.

Cahill's Illinois Revised Statutes, chapter 95, entitled, "Mortgages," paragraph 17, expressly provides as follows:

"And such decree may be rendered conditionally at the time of decreeing the foreclosure, or it may be rendered after the sale and the ascertainment of the balance due."

The Supreme Court of this State in the case of *Ruprecht v. Muhlke,* 225 Ill. 188, in its opinion says:

"The next contention of the plaintiff in error is, that the cross-bill of defendant in error was not filed in apt time, and for that reason it is urged the second appointment of Clettenberg as receiver was improperly made. The general rule is that a cross-bill should be filed in apt time, which would usually be before final decree. (*Fread v. Fread,* 165 Ill. 228.) In this case, however, no attempt was made, by virtue of the cross-bill, to interfere with the final decree, which had been entered and executed by a sale of the premises prior to the time the cross-bill was filed. The sole object of the cross-bill was to reach, through a receiver, the

rents, issues and profits of the premises sold, during the period of redemption. In *Chicago Artesian Well Co. v. Connecticut Mutual Life Ins. Co.*, 57 Ill. 424, which was a mechanic's lien suit, a cross-bill was filed after a final decree, declaring the rights of the parties in respect to their several liens, had been entered; but said cross-bill was not filed with a view to interfere in any way with the operation of that decree, nor did it tend to delay the petitioner in securing his rights under said final decree, hence the cross-bill was regarded as filed in sufficient time. We think the cross-bill was properly filed.''

The Supreme Court of this State in the case of *Chicago Artesian Well Co. v. Connecticut Mut. Life Ins. Co.*, 57 Ill. 424, in its opinion, says:

''The interests of defendants, so brought into court, are entitled to regard, and should not be denied protection. It should not be made a serious objection to this cross-bill, that it was filed *after final decree*, when the final decree was rendered February 18, 1868, and the matter complained of in the cross-bill did not take place until January 5, 1870.

''The cross-bill does not seek to open that decree, nor to disturb any proceeding which has been had in the suit. Its sole purpose is to set aside a sale of the property made to Starr.

''The rules of chancery practice referred to, as to the proper time of filing a cross-bill, to entitle it to be heard with the original bill, and that a defendant cannot, after unnecessary delay, by interposing a cross-bill, postpone the hearing of the original cause, seem to have little pertinency to this case, because the petitioner has obtained its satisfaction, and can not be delayed; and rules adopted to prevent delay do not apply here. In a case so circumstanced as the one before us, it ought never to be too late to file such a cross-bill, so long as the court has control of the cause.''

This question appears to have been before this court in the case of *Eggers v. Adler*, 248 Ill. App. 118. From the facts in that case it appears that the cross-bill was filed at a term later than the one at which the original decree of foreclosure and the master's report of sale was approved and confirmed. The court in its opinion discusses the various cases cited by petitioner herein and appears to satisfactorily answer his contention, namely, that the cross-bill should have been filed within the term at which the final decree was entered, in the negative. The court, in its opinion in that case, says:

"The appellant here attempts to distinguish this and other cases cited by the fact that in these cases the cross-bill was filed and the order appointing the receiver entered within the term at which the final decree of foreclosure was entered. This case is not distinguishable from *Ruprecht v. Muhlke, supra,* on that ground. The cross-bill there was filed several terms after the decree was entered. In any event, we think that distinction could not avail. While the decree of foreclosure and sale is a final one, it does not necessarily dispose of all the issues in the case or the subject matter of the suit. As to undisposed of matters, the jurisdiction of the court would continue until the whole matter is disposed of, although, of course, further proceedings would not be allowed to change or modify in any way the final decree theretofore entered. The jurisdiction of the court of chancery over undisposed of matters does not end at the expiration of the term at which a particular final decree may be entered.

"We think the court was not without jurisdiction and that the order was equitable and just, and it is affirmed."

In the case at bar it appears that the court had not lost jurisdiction of the cause because there had been no final distribution of the fund in the hands of the receiver at the time the cross-complainant filed her bill.

The court still had jurisdiction to enter a deficiency decree after the distribution of that amount and the court still had jurisdiction to continue the receiver for the purpose of collecting the rents, issues and profits for the benefit of cross-complainant by reason of the fact that, as defendant in the original cause, her trust deed there in evidence provided that she was entitled not only to the property as security, but to the rents, issues and profits therefrom. The court had the right to consider these provisions in the trust deed of the said cross-complainant, as defendant to the original bill, for the purpose of doing complete equity between the parties. It could have continued the receiver for the purpose of satisfying her claim in the original proceeding, and we see no reason why that court could not continue the receiver for the purpose of satisfying her claim under her cross-bill when it was brought to the court's attention.

For the reasons stated in this opinion, the decree of the circuit court is affirmed.

*Decree affirmed.*

HOLDOM, P. J., and RYNER, J., concur.