**Clara Skolnik, Appellant, v. Beatrice Petella, Appellee.**

**Gen. No. 40,664.**

Heard in the second division of this court for the first district at the April term, 1939. ▬▬ Opinion filed April 2, 1940.

MAURICE H. KAMM, of Chicago, for appellant.

JOSEPH M. FIORE, of Chicago, for appellee.

MR. PRESIDING JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

This appeal by plaintiff, Clara Skolnik, seeks to reverse an order which sustained defendant's motion to strike her amended statement of claim and to dismiss her suit.

This action was brought against defendant, Beatrice Petella, to recover a balance claimed to be due upon a $500 mortgage bond owned by plaintiff which had theretofore gone to foreclosure and sale. In the foreclosure proceeding a personal judgment for the deficiency found to be due after sale was entered under the statute against the mortgagors, who were codefendants therein of Beatrice Petella, the defendant in the case at bar. A personal judgment for the deficiency could also have been procured in the foreclosure proceeding against Beatrice Petella, as a grantee of the mortgaged premises, who had assumed and agreed to pay the mortgage indebtedness and who had entered her general appearance in said proceeding, but such relief was not requested therein.

Plaintiff contends in her brief that "since the complaint in the foreclosure proceeding did not allege facts which would sustain a finding of personal liability against Beatrice Petella, no issue was made as to her personal liability and consequently, those proceedings constitute no bar to the present action seeking to enforce liability against her."

Defendant's theory is that since she was a party to the foreclosure proceeding and had entered her general appearance therein, the court had jurisdiction to enter a deficiency decree against her and having entered a deficiency decree against the mortgagors and having failed to enter such a decree against her, plaintiff is now barred under the doctrine of *res judicata* from maintaining this action.

It has been repeatedly held that if a purchaser of mortgaged premises has assumed the mortgage and agreed to pay it, a decree for the deficiency shown to be due in the foreclosure proceeding may be rendered against him, provided he was joined as a defendant in that action and was personally served with process. (Vol. 2, Reeve Illinois Mortgages, sec. 680, p. 765; *Ingram v. Ingram,* 172 Ill. 287.) But a decree for such deficiency can be rendered against the purchaser of mortgaged premises who has assumed and agreed to pay the mortgage indebtedness only where there are proper averments in the complaint to foreclose and a special prayer for this relief. (Vol. 3, Jones on Mortgages, sec. 2206, p. 815; *Adam v. Rockey,* 139 Ill. App. 507.)

Plaintiff concedes in her brief "that had the pleadings in the foreclosure case alleged the fact that Beatrice Petella had, by the deed conveying the premises to her, assumed and agreed to pay the debt secured by the trust deed sought to be foreclosed, so that her personal liability was in issue, and then the foreclosure decree found the Roloffs, the mortgagors, personally liable, then, as to personal liability on the part of Bea-

trice Petella (the owner of the equity), the decree would have barred the instant suit.''

Prior to the act of 1865 (ch. 95, sec. 17, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 83.17]), which authorizes the court in suits in equity directing a decree in foreclosure, to render a decree for any balance that may be found due plaintiff after the sale of the mortgaged premises and award execution therefor, it was necessary to institute a separate action at law for the recovery of such balance or deficiency. The statute confers upon the court the right to grant and upon a plaintiff the right to demand from defendants in a foreclosure proceeding, all the relief that could be secured in a court of law. The act of 1865 was clearly intended to prevent a multiplicity of suits by facilitating the determination in the foreclosure proceeding of all possible pertinent questions between the same parties. It is true that the statute does not make it obligatory upon a plaintiff in a proceeding to foreclose to exercise his right thereunder to demand a personal judgment against the person or persons liable for the deficiency after sale. It is also true that a creditor by note and mortgage may sue at law on the note and in equity to enforce the mortgage lien and that these remedies may be pursued either concurrently or successively, although of course he can have but one satisfaction.

However, it is insisted that, notwithstanding plaintiff's complaint to foreclose did not allege any facts showing personal liability as to Beatrice Petella or seek a personal judgment against her for the deficiency and even though ordinarily it is not obligatory upon a plaintiff in a foreclosure suit to demand or secure a deficiency judgment against the defendant or defendants personally liable and as a general rule the owner of a note and a mortgage securing same may sue at law on the note and in equity to enforce the mortgage lien, since defendant was a necessary party to the foreclosure proceeding and personally appeared before the

court therein and plaintiff did exercise her right under the statute to procure a deficiency decree against the mortgagors and could have procured a similar decree against the grantee, Beatrice Petella, the fact that she could have procured such a decree in the foreclosure proceeding bars plaintiff from maintaining this action.

In so far as we have been able to ascertain the precise question presented has not heretofore been considered or determined by any court of review in this State.

In vol. 2, Reeve Illinois Law of Mortgages, sec. 679, pp. 763, 764, the author makes this statement:

"If several defendants are jointly and severally liable for the payment of a mortgage debt, the mortgagee, on obtaining a decree of foreclosure against them, may have a decree for the deficiency against all; but if he takes a deficiency judgment against one defendant only, no disposition being made of the case as to the others, the cause of action merges in the decree and the other defendants will be released." In vol. 3, Jones on Mortgages, sec. 2209, p. 724, is found the following statement to substantially the same effect: "Where a deficiency decree is taken against one only of several persons jointly liable, the others are released."

The authority relied upon for the rule enunciated in the foregoing statements of the authors of both of these works is *Travelers' Ins. Co. v. Mayo,* 170 Ill. 498. Defendant argues that this case is controlling as to the question under consideration here, but we do not think that it is. The *Mayo* case was a suit in assumpsit, seeking recovery on a joint and several promissory note executed by R. G. Mayo and his wife in the State of Florida, June 15, 1888, for $5,000. The action was dismissed as to R. G. Mayo. The remaining defendant, Clara P. Mayo, filed a plea "setting up the execution of the note and mortgage on the real estate in the State of Florida, that the same was foreclosed in the circuit court in Orange county, State of Florida, and a

decree of sale of foreclosure entered by said court and the real estate sold for a certain sum bid, leaving a deficiency of $4891.10, and that judgment was rendered in said court for said deficiency against the said R. G. Mayo alone, although appellee was duly served and said court had jurisdiction of her and the said Mayo, and said judgment was rendered on the said note, being the same cause of action sued on in this case, and claimed that the said note was merged in said judgment, and that the same was a bar to this action against her." In that case the court said at pp. 500, 501, 502:

" 'The main and only question to be passed upon by this court is, whether the said deficiency decree rendered by the Florida court against R. G. Mayo alone was an extinguishment of the cause of action against appellee as well as R. G. Mayo. It is not disputed that a judgment or decree against one of two joint principals releases the other, and this rule appears to be fully established and recognized. (*Lawrence v. Beecher,* 116 Ind. 312, 19 N. E. Rep. 143.) The case cited holds that where there is a deficiency decree against one of several makers of a promissory note, and no disposition of the case as to the others is directly made further than to decree that their equity of redemption is barred, the cause of action is barred in a subsequent suit on the note against those not included in the deficiency decree. It would not be the case, however, where there was simply a decree of foreclosure; but a subsequent deficiency decree is in its effect a personal judgment upon the note, and where the court has jurisdiction against all the several makers and only renders judgment against one, this extinguishes his cause of action against the others. . . . In a case like the Indiana case, where a deficiency judgment was taken against one of several makers of a promissory note, and no other disposition made by the court as to the others, the cause of action is merged in the judg-

ment, and those against whom no judgment is taken are released. . . .

"'The following rule is laid down in *Lawrence v. Beecher,* 116 Ind. *supra:* "Where a plaintiff voluntarily elects to take a personal judgment against one of a number of defendants severally liable, without in any way preserving his rights against others then equally liable before the court, the presumption is that he is content with the judgment, and that his contentment is due to the fact that he received at the hands of the court all the relief that he was justly entitled to receive. If he desires to prevent this result he must take some steps, as he well may, to counteract this presumption. If he take no such steps, but elects to take a final judgment against one of the defendants and takes only a judgment of foreclosure against the others, he cannot justly complain if this presumption prevails against him, since he must be deemed to have obtained all the relief to which equity and justice entitle him." The plaintiff should not be allowed "to disturb the courts and vex the parties with many actions." ' "

The question before us was not present in the *Mayo* case. There the husband and wife executed the note secured by the mortgage. Upon the foreclosure of the mortgage the plaintiff took a deficiency decree against the husband alone. All that the court held in that case was that the wife was released from personal liability on the familiar principle that where two persons, liable jointly or jointly and severally, are joined as defendants in an action and the plaintiff elects to take a judgment against only one of such defendants without in any way preserving his rights against the other, the cause of action is merged in the judgment and the defendant against whom no judgment is taken is thereby released. The *Mayo* case followed the rule laid down in the Indiana case, *Lawrence v. Beecher, supra,* but that rule is not applicable to the situation presented in this case. Some of the language used, partic-

ularly in the Indiana case, appears to be general enough in scope to be applicable to the question under consideration here, but we are sure that the conclusion reached by the court in that case was only intended to apply to a factual situation such as was presented there, where a deficiency judgment was entered against only one of several equally liable on a mortgage note.

As heretofore shown a grantee who assumes and agrees to pay a mortgage indebtedness thereby becomes personally liable for. it and his liability may be enforced in a foreclosure suit by a judgment for a deficiency. In Jones on Mortgages, vol. 3, sec. 2213, p. 730, this rule is announced: "If the mortgagee does not ask for a personal judgment against the grantee, it may be inferred that he is satisfied with the security upon the property and judgment against the mortgagor and that he abandons his claim against the vendee." *Searing v. Benton,* 41 Kan. 758, is cited as authority for this statement. It appeared therein that Charles E. Tucker and Elizabeth Tucker, his wife, had executed a note and mortgage securing same to one A. B. Searing and that thereafter the Tuckers conveyed the property to Betsy F. Benton, who assumed and agreed to pay the mortgage indebtedness. Thereafter Searing instituted a proceeding to foreclose his mortgage, in which he procured a decree of foreclosure and a personal judgment for the deficiency only against the makers of the note. In that case the court after stating that the mortgagee could unquestionably, if he had so desired, have also obtained a personal judgment against the grantee, Mrs. Benton, said at p. 762:

"In this case it is in evidence that he commenced his action for foreclosure of this mortgage and asked for a personal judgment against the Tuckers for the sale of this land, and only claimed that Mrs. Benton's rights were inferior to his under the mortgage. It may be fairly presumed that he thought his security on the land was ample, and that the personal judgment

against the makers of the note was sufficient, and that he did not care for a personal judgment against Mrs. Benton.''

Aside from the foregoing rule enunciated by Jones, we think that the doctrine of *res judicata* is properly invoked by defendant and that plaintiff is precluded from recovery herein. While, as heretofore stated, it is not obligatory for the plaintiff in a foreclosure suit to ask for or to secure a judgment against the defendant or defendants personally liable for the deficiency, in our opinion, if a mortgagee does exercise his right under the statute to procure a deficiency judgment against any defendant so liable, he is bound in that proceeding to also exercise the same right against any other defendant who is a necessary party and who is personally liable and personally before the court, and, if he does not, he should be barred from seeking a personal judgment in a subsequent proceeding against any such defendant. If a mortgagee does not exercise his right under the statute to demand and procure a personal judgment for the deficiency against any defendant in the foreclosure proceeding he is clearly entitled to pursue his remedy at law against anyone personally liable for the balance due on the mortgage note or bonds as represented by the amount of the deficiency. On the other hand, it seems to us that if he does secure a personal judgment for the deficiency in the foreclosure proceeding against any defendant therein and it appears that he could have just as readily procured a similar judgment against another defendant in said proceeding and that he did not do so, he should be precluded from harassing the court and such other defendant with another action on the same claim. The issue sought to be litigated here was open to plaintiff in the foreclosure case. It is again raised here for the sole purpose of securing the same relief which plaintiff could have but failed to secure in the former suit. (*People ex rel. Modern Woodmen of America v. Cir-*

*cuit Court of Washington County,* 347 Ill. 34.) We are impelled to hold that plaintiff should not be permitted to maintain this action and that the action of the trial court in sustaining defendant's motion to strike plaintiff's complaint was proper.

For the reasons stated herein the order of the municipal court is affirmed.

*Order affirmed.*

FRIEND and SCANLAN, JJ., concur.