ARMOUR AND COMPANY, Plaintiff-Appellee, *v.* MID-AMERICA PROTEIN, INC., *et al.*, Defendants-Appellants.

Third District   No. 75-373

Opinion filed March 31, 1976.

Charles T. Martin, of Bell, Boyd, Lloyd, Haddad & Burns, of Chicago, and Gilbert N. Ellsworth, of Rockford, for appellants.

R. Jerome Pfister, of Reno, Zahn, Folgate, Skolrood, Lindberg, and Powell, of Rockford, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This action arises out of a mortgage foreclosure proceeding which resulted in the sale of the subject property and the entry of a personal deficiency decree and judgment.

On October 14, 1974, the plaintiff-mortgagee, Armour and Company ("Armour"), filed a complaint for the foreclosure of a mortgage against Mid-America Protein, Inc. ("MAP"), the mortgagor, and certain other defendants who were judgment creditors of the mortgagor. Among the judgment-creditors of MAP was the Schaub Engineering Company. Illinois Beef Packers, Inc. ("Illini"), purchased Schaub Engineering Company's judgment against MAP and later moved to be substituted for Schaub. This motion was granted.

The complaint for foreclosure filed by Armour was in the statutory form provided for by section 7 of the Illinois Mortgage and Foreclosure Act (Ill. Rev. Stat. 1973, ch. 95, par. 23 *et seq.*). In its complaint, Armour prayed for foreclosure of the mortgage, for a personal deficiency decree, for a judicial sale of the real estate described in the mortgage, for the appointment of a receiver after sale in the event of a deficiency, and for such other and different relief as equity shall decree meet and proper.

The defendants filed answers to this complaint, and on December 24, 1974, Armour moved for the entry of a foreclosure decree. The decree ordering foreclosure and sale was entered on December 30, 1974. A sheriff's sale of the property took place on January 30, 1975.

At the sheriff's sale, the property was purchased by a bidder other than the mortgagee for the amount of $350,000. Of this amount, $348,313.54 was paid out by the sheriff to Armour. On January 30, 1975, the court entered its "Order Approving Report of Sale." This order approved the acts of the sheriff and authorized the issuance of a deed to the purchaser at the foreclosure sale.

On April 30, 1975, three months after the entry of the order approving report of sale, the plaintiff moved for the entry of a deficiency decree against MAP. MAP and Illini opposed this motion on the ground that more than 30 days had elapsed from the entry of the order approving report of sale, and, therefore, the court lacked jurisdiction to grant such relief.

Objections were filed by defendants, Illini and MAP, briefs were sub-

mitted by both sides, and oral argument was heard. On June 17, 1975, the court overruled the objections.

The court issued an opinion, in the form of a letter to counsel, regarding these objections. On July 15, 1975, Illini moved the court to reconsider its opinion. MAP adopted this motion. On July 24, 1975, the motions for reconsideration were denied. On August 1, 1975, a personal deficiency decree in the amount of $1,204,950.47 was entered against MAP. On August 12, 1975, and August 13, 1975, Illini and MAP, respectively, filed notices of appeal.

Defendants contend the order approving the report of sale was a final order, and the court lost jurisdiction 30 days thereafter, pursuant to section 68.3 of the Civil Practice Act. (Ill. Rev. Stat. 1973, ch. 110, par. 68.3.) The loss of jurisdiction by the trial court, it is urged, prevented the entry of a deficiency decree, since the motion for this decree was made more than 30 days after the order approving the report of sale.

■■ The sharp distinctions between actions at law and actions in equity no longer obtain in Illinois, and, as a result, a mortgagee may obtain a personal judgment against the mortgagor for a deficiency in the mortgage foreclosure proceeding. Pursuant to statute (Ill. Rev. Stat. 1973, ch. 95, par. 56), a mortgagee may, but is not required to, request a personal judgment against the mortgagor or other parties primarily liable on the debt for any deficiency which remains unsatisfied after sale of the property. *Skolnik v. Petella*, 304 Ill. App. 331, 26 N.E.2d 646.

The law in Illinois is that the trial court retains jurisdictions in a case until it has disposed of all matters before the court. In *Eggers v. Adler*, 248 Ill. App. 118, the appellate court considered whether the trial court had jurisdiction in a mortgage foreclosure proceeding to entertain a cross-bill, filed after term time had expired, by a junior-mortgagee for a deficiency decree and the appointment of a receiver to collect rents after the property had been sold and the master's report of sale approved. The court ruled that the trial court had jurisdiction to enter the deficiency decree:

> "While the decree of foreclosure and sale is a final one, it does not necessarily dispose of all the issues in the case or the subject matter of the suit. As to undisposed of matters, the jurisdiction of the court would continue until the whole matter is disposed of, although, of course, further proceedings would not be allowed to change or modify in any way the final decree theretofore entered. The jurisdiction of the court of chancery over undisposed of matters does not end at the expiration of the term at which a particular final decree may be entered." (248 Ill. App. 118, 125-26.)

Accord, *Baker v. Chicago Title & Trust Co.*, 250 Ill. App. 486; see *Lewis v. Matteson*, 257 Ill. App. 1.

■■ Defendants urge that the order approving report of sale could not be considered an interlocutory order subject to revision even within the terms of Supreme Court Rule 304 (Ill. Rev. Stat. 1973, ch. 110A, par. 304), since the order contained a specific direction to the sheriff to execute and deliver a deed to the purchaser and approved the payment by the sheriff to Armour of $348,313.54. This argument must be rejected for, even if the order approving the report of sale could be considered a partial final judgment, Rule 304 would not apply since there was no special finding, as required by that rule.

Defendants also rely upon the case of *Reconstruction Finance Corp. v. Shanedling*, 335 Ill. App. 576, 82 N.E.2d 692, published in abstract. That case offers no persuasive authority in the case at bar. In *Shanedling*, the court held only that the failure to reserve jurisdiction to enter a deficiency decree, in connection with a decree confirming the report of sale, against a defendant, previously joined in a foreclosure proceeding, precluded the entry of a deficiency decree. The holding in *Shanedling* was based on the theory of waiver of any claim for a deficiency decree against the defendant. It does not support defendants' contention that the order approving the report of sale was a final order.

We therefore hold that the order approving the sale was not a final order, and that the court did not lose jurisdiction 30 days after the entry of the January 30, 1975, decree. Accordingly, the 30-day rule of section 68.3 does not apply. (Ill. Rev. Stat. 1973, ch. 110, par. 68.3.) Since the defendants did not contend they were not liable for the deficiency remaining after sale, the trial court properly entered this decree.

For the foregoing reasons, the judgment of the circuit court of Whiteside County is affirmed.

Judgment affirmed.

ALLOY, P. J., and STENGEL, J., concur.