GEM CITY SAVINGS & LOAN ASSOCIATION, Plaintiff-Appellant, v. KENNETH A. McCLOSKEY, Defendant-Appellee (Unknown Owners, Defendants).

Third District   No. 3—87—0300

Opinion filed June 13, 1988.

Malmgren Law Offices, Ltd., of Canton (James H. Malmgren, of counsel), for appellant.

Steven Wakeman, of Peoria, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

In June of 1986 Gem City Savings and Loan Association, plaintiff-mortgagee, brought a mortgage foreclosure action against Kenneth A. McCloskey, defendant-mortgagor, in the circuit court of Fulton County. A judgment of foreclosure was entered finding the gross amount due to be $27,427. The sale was held on September 10, 1986, and the only bid was that of plaintiff for $15,000. The period of redemption expired on November 10, 1986, and on December 16 plaintiff filed a motion for a deficiency judgment in the amount of $12,657 plus interest. The trial court denied the motion, and plaintiff appeals.

In denying the motion, the trial court ruled that section 15—307 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 15—

307) deprived the court of jurisdiction to entertain a motion for deficiency judgment after the period of redemption had expired. Section 15—307 provided:

> "Court's authority. The authority of the court continues during the entire pendency of the foreclosure proceedings and until foreclosure sale and in the event of any deficiency until (1) the expiration of the statutory period of redemption from sale, (2) the issuance of a deed to the purchaser at the foreclosure sale, or (3) the satisfaction of the deficiency, whichever shall first occur." Ill. Rev. Stat. 1985, ch. 110, par. 15—307.

Plaintiff contends that section 15—307 applies only to the trial court's power to place a mortgagee in possession, not the court's general powers, because section 15—307 is located within part 3 of article 15 of the Code of Civil Procedure, and the title of part 3 is "Possession of Realty after Default." What is now part 3 was enacted by the legislature in 1961 with the title, "An Act in relation to the rights of mortgagees and other persons empowered to take possession of mortgaged real estate after default and the enforcement of such rights by the courts of this State." See Ill. Rev. Stat. 1981, ch. 95, par. 22b.51.

It is a general rule of statutory construction that the body of a statute cannot encompass a broader subject than is stated in the title. (*People v. Tibbitts* (1973), 56 Ill. 2d 56, 305 N.E.2d 152.) Since the title of the original act was limited to possessory rights, the section in question here must also be so limited in order to be valid.

Plaintiff further contends that the applicable rule in this case is that followed by this court in *Armour & Co. v. Mid-America Protein, Inc.* (1976), 37 Ill. App. 3d 75, 344 N.E.2d 639, where we held that in mortgage foreclosure proceedings, the trial court retains jurisdiction until it has disposed of all matters before the court, including a deficiency decree, if appropriate. We agree. Furthermore, although not cited by the parties, we note that section 6 of "An Act relating to mortgages of real property ***" (Ill. Rev. Stat. 1985, ch. 95, par. 56), mandates the same ruling. Section 6 provides that a deficiency judgment "may be rendered conditionally, at the time of ordering the foreclosure, or it may be rendered after the sale and the ascertainment of the balance due." Ill. Rev. Stat. 1985, ch. 95, par. 56.

We note that section 6 (just quoted) was repealed July 1, 1987, and that section 15—307 of the Code of Civil Procedure has also since been repealed and replaced with section 15—1103, which expressly provides that the trial court's jurisdiction continues until all issues arising out of the foreclosure have been adjudicated. Although section 15—1103 became effective July 1, 1987, after the events involved in

the instant case, we conclude that the legislature did not intend to change the law of mortgages but merely to eliminate any ambiguities.

For the reasons stated, we hold that the trial court erred in ruling that it lacked jurisdiction to entertain a motion for a deficiency judgment after expiration of the period of redemption. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

HEIPLE and SCOTT, JJ., concur.