## Caroline Ruprecht v. Philip Henrici.

### Gen. No. 11,830.

1. RECEIVER—*when appointment of, in foreclosure proceedings, proper.* The appointment of a receiver to collect rents to apply on a decree which is all deficiency and unsatisfied in every part is proper, notwithstanding the first mortgagee who filed the original bill in the cause has been paid in full by the sale of the mortgaged premises.

2. INSUFFICIENT SECURITY—*what evidence of.* The fact that a sale of land foreclosed did not realize enough to pay the cross-complainant applying for a receiver, shows that the security, aside from the rents and profits sought to be sequestered, is insufficient.

Appeal from interlocutory order appointing a receiver, etc. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Affirmed. Opinion filed July 12, 1904. Rehearing denied October 4, 1904.

IVES, MASON & WYMAN, for appellant.

ARNOLD TRIPP, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from an interlocutory order appointing

a receiver to collect the rents, issues and profits of premises which have been sold under foreclosure to satisfy first mortgages. It is sought to apply the rents so collected toward payment of indebtedness due appellee secured by a subsequent mortgage.

The case has been before the other branch of this court upon an appeal from an order of substantially the same character. Upon the former hearing it was held that appellee could not obtain affirmative relief upon an answer such as he was then proceeding under, and that to obtain such relief he must file a cross-bill. Ruprecht v. Henrici, 113 Ill. App. 398. After that opinion was rendered, appellee filed his cross-bill, and a receiver was again appointed to collect the rents during the redemption period. The cross-bill was not filed until after the foreclosure decree under the original bill had been entered and after the mortgaged premises had been sold under that decree. That sale satisfied the prior mortgages in full, but left nothing for subsequent mortgagees unless the rents, issues and profits during the redemption period can be applied for their benefit. The amount due appellee upon his mortgage, which is claimed to be next in priority to those satisfied by the sale of the mortgaged premises, is found by the foreclosure decree to be $8,442; and it is also found by that decree that the sum of $5,433 is due appellant herein upon her mortgage on the same premises. The question of priority between appellant and appellee was by that decree expressly "reserved for the further order of court."

The cross-bill now in controversy, under which the receiver was appointed by the order now in question, sets up that by the terms of his trust deed, the trustee may take possession of the mortgaged premises and receive the rents, may file a bill of foreclosure, and that it shall be lawful for the receiver to collect the rents at any time after the sale of the premises and before the time of redemption expires and pay such rents in satisfaction of the encumbrance; that these rents are specifically mortgaged for payment of appellee's debt; that the real estate is not worth to exceed

the amount for which it was bid in by the holders of the first mortgage, and that the only fund left, out of which appellee can be paid, is the rents and profits arising during the redemption period; that the maker of appellee's note is insolvent, and that unless payment can be realized out of the rents thus mortgaged his debt will be entirely lost. The bill prays for the appointment of a receiver to collect the rents during the redemption period, that they may be applied toward the payment of the note and mortgage held by appellee, for an accounting and foreclosure, for a deficiency decree and for general relief.

The controversy between appellee and appellant, who were both defendants to the original bill of foreclosure and who each hold notes secured by subsequent trust deeds upon the property involved, is as to which 'of them the rents accruing during the redemption period shall belong. No one else appears to be interested in them and appellant seems to have been in possession of the premises and collecting the rents when the receiver was appointed. By what means or in what manner she obtained possession does not appear.

It is contended in behalf of appellant, that the cross-bill is not a bill to foreclose; that as the premises covered by the trust deeds have been already sold to satisfy the original mortgages, it is merely a bill to sequester the rents, and that this cannot be done because appellee has in that respect a full and adequate remedy at law by ejectment. If, however, a court of equity has jurisdiction of the subject-matter and the parties it will not be ousted of its jurisdiction to settle matters of controversy growing out of or connected with the original subject-matter, merely because in some one particular a remedy might perhaps be had at law. It is argued by appellant's counsel that foreclosure, the main purpose of the action, has been eliminated by the prior foreclosure and sale of the mortgaged premises, and that hence the application for a receivership must fail, because receivers are allowed only as auxiliary to that main purpose. It is true doubtless that the appointment of a

receiver is auxiliary to ultimate relief. But in this case the ultimate relief sought is the application of all that is left of the mortgaged premises and property rights, namely the rents during the redemption period, to the payment of a debt thereby secured. While in strict terms a further foreclosure and sale of the premises themselves cannot now be had, there is still left a fund growing out of the mortgaged premises, which in case of a deficiency decree might have been applied to satisfy it. Appellee stands, as to the rents, equitably in the position of a mortgagee whose debt has not been paid in full by a foreclosure sale, and who is entitled to a receiver to collect the rents for application on his deficiency decree. We know of no objection in principle to the appointment of a receiver to collect rents to be applied on a decree which is all deficiency, and unsatisfied in every part, under circumstances such as exist in this case, where the first mortgagee has been paid in full by the sale of the premises. That sale took the larger part but not all of the original security. " Rents and profits are the subject of mortgage," (First Nat. Bk. v. Ill. Steel Co., 174 Ill. 140–148,) and are included in appellee's mortgage according to the cross-bill. What is said in Roach v. Glos, 181 Ill. 440, on page 446, is, we think, applicable. Here, as there, the original decree found the sum due to a second encumbrancer a lien on the premises. Nothing was paid by the foreclosure sale upon the amount due him. It is true that in that case a deficiency decree in his favor was formally entered. But in the case at bar, appellee has what should have the effect of a deficiency decree, viz., a decree fixing the amount due him and finding it a lien on the mortgaged premises, which according to the cross-bill includes the rents and profits. The fact that the sale of the land did not realize enough to pay the cross-complainant shows that the security, aside from the rents and profits, is insufficient. The mortgagor is alleged to be insolvent and is not himself objecting. Under these circumstances a court of equity is justified in appointing a receiver to collect the rents and profits during the redemp-

tion period that they may be preserved for the benefit of the mortgagee to whom they were conveyed by the mortgage and who may be entitled to them by reason of priority of lien. In First Nat. Bk. v. Ill. Steel Co. (*supra*) it is said (p. 149) that a court of equity has power to appoint a receiver and grant equitable relief even where there are no express words in the mortgage giving a lien upon rents and profits derived from the property where, as here, the mortgaged premises are an insufficient security for the debt and the mortgagor is insolvent. Citing Haas v. Chicago Building Society, 89 Ill. 498–502.

The cross-bill was properly filed under the circumstances. As said in C. A. W. Co. v. C. L. M. I. Co., 57 Ill. 425, " in the case so circumstanced as the one before us, it ought never to be too late to file such a cross-bill, so long as the court has control of the case."

The order appealed from will be affirmed.

*Affirmed.*