### Caroline Ruprecht v. Philip Henrici.

#### Gen. No. 12,546.

1. RES JUDICATA—*decision upon one appeal is, upon second appeal of same case.* The decision upon one appeal of a case is, with respect to a question decided upon such appeal, *res judicata* as to the same question upon a second appeal of the same case.

2. REDEMPTION—*who entitled to rents during running of period of.* A mortgagee whose security pledges the rents during the period of redemption is entitled to the same until his debt shall have been fully satisfied.

3. RECEIVER—*to what allowance, is entitled.* A receiver is entitled to an allowance for his disbursements, when properly made, and likewise to a reasonable compensation for his services.

4. JURISDICTION—*effect of reservation of question for future decision.* A reservation of jurisdiction to decide a particular question has the effect of continuing the jurisdiction of the court with respect to such matter until the same has been adjudicated.

Foreclosure proceeding. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed June 14, 1906.

MASON & WYMAN, for appellant.

ARNOLD TRIPP, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

The real estate described in the pleadings in this case

was subject to four trust deeds running to A. T. Galt, trustee, the first securing $9,000, dated August 8, 1893, the second securing $1,000, dated May 25, 1894, the third securing $2,000, dated July 22, 1896, and the fourth securing $2,000, dated July 22, 1896; all of which were executed by Catharine Bredow, Ernst Bredow, her husband, and appellee as trustee for said Catharine Bredow. Also to a trust deed executed by the same parties to Arnold Tripp, trustee, to secure the sum of $6,000, dated January 8, 1897. And also to a mortgage executed by the same grantors to John Ruprecht to secure the sum of $4,000.

April 23, 1903, appellant as devisee of John Ruprecht, deceased, filed a bill to foreclose such mortgage, making appellee, among others, a defendant, not individually, but as trustee for said Catharine Bredow.

July 18, 1903, Galt as trustee filed a bill to foreclose the four trust deeds first mentioned, making the Bredows, appellant, appellee individually and as trustee for said Catharine, and others, defendants.

The Bredows and appellee, both individually and as trustee, answered the Galt bill, setting up the trust deed to Tripp, and averring that appellee owned the $6,000 note secured thereby, and that such note and trust deed constituted a second lien on said premises, and was prior to all subsequent liens.

September 23, 1903, the Galt case and the Ruprecht case were consolidated under the title of the Galt cause; and it was ordered that the bill in the Ruprecht case stand as an answer to the bill in the Galt case. The consolidated cause was then referred to the master to take proofs, etc.

October 21, 1903, the court entered a decree of sale in the usual form, finding the amount due complainant Galt, and that "there is at this day due to the defendant Philip Henrici upon the notes and trust deed dated January 8, 1897, $8,442.90; that there is at this day due to Caroline Ruprecht upon the note and mortgage, dated February 25, 1897, $5,433.26. The priority as to the Henrici and Ru-

precht mortgages is reserved for the further order of the court."

November 19, 1903, the master's report of sale and distribution, showing that he had sold a part of the property for a sum sufficient to satisfy the indebtedness found due to complainant Galt, and that therefore he did not "offer the remaining premises for sale," was approved.

November 21, 1903, upon motion of appellee, B. F. Clettenberg was appointed receiver of the premises until the further order of the court. Appellant took an appeal, and this court in Ruprecht v. Henrici, 113 Ill. App. 398, decided that the order was improperly entered for want of the necessary pleading on which to base ultimate relief.

Afterward and on April 6, 1904, appellee, without leave of court, filed a cross-bill, in which he asked for the appointment of a receiver to collect the rents of the premises and to apply them towards the payment of his trust deed, in which the rents and profits were pledged for the payment of the debt. April 8, 1904, appellant moved to strike the cross-bill from the files, which motion was denied. On motion of appellee, B. F. Clettenberg was appointed receiver, and the motions of appellant that the order of November 2, 1903, appointing Clettenberg receiver be vacated, and that the receiver deliver the possession of the premises to her, were denied. From this action of the chancellor appellant appealed. This court held that the cross-bill was properly filed, and that the appointment of the receiver was justified, saying: "We know of no objection in principle to the appointment of a receiver to collect rents to be applied on a decree which is all deficiency, and unsatisfied in every part, under circumstances such as exist in this case, when the first mortgagee has been paid in full by the sale of the premises." Ruprecht v. Henrici, 116 Ill. App. 583.

June 10, 1904, Clettenberg, receiver, under order of November 24, 1904, filed a report showing receipts from the property from December 1, 1903, to March 31, 1904, of $1,582, and expenditures of $765.43, leaving a balance of $816.57 in his hands.

April 15, 1905, Clettenberg, receiver, filed a final report, showing the balance on hand per first report of $816.57, and total receipts for the whole period, including such balance, of $4,524.47, and expenditures under the second appointment of $1,172.43, leaving a balance in his hands of $3,352.04.

May 22, 1905, appellant filed her petition setting up that November 24, 1903, an order was entered appointing the receiver, that Clettenberg qualified as such and went into possession of the premises, and the reversal of that order by this court (113 Ill. App. 398); that at the entry of that order she was in possession of the property and entitled to the rents and profits thereof, and so continued to be entitled to such possession until after April 11, 1904; that she is the holder of a mortgage covering said premises securing an indebtedness as found by the deficiency decree of $5,533.26; that she is entitled to all the rents received by said receiver up to April 11, 1904, the date of his second appointment; that of the April, 1904, rent, one-third thereof, being $131.80, accrued the first ten days of that month, during which period the receiver was not possessed of the premises; that she is entitled to all rents paid to the receiver prior to April 11, 1904, and to all the rents afterwards collected by him under the order of April 11, 1904, which was entered without objection; that she objects to every item of disbursements contained in his report and to the allowance of any compensation to him; and she prays for an order directing the receiver to turn over all of said funds so collected by him to her.

April 21, 1904, appellant demurred generally and specially to the cross bill of appellee. May 27, 1905, this demurrer was overruled, and she electing to stand by it, the court entered a decree taking the cross-bill as confessed by her; found the facts as alleged therein; approved the report of the receiver; found a balance of $3,352.04 in his hands; directed him to retain $433.66 as his fee, and ordered him to pay the remainder to appellee. The present appeal was taken to reverse this decree.

We have stated the history of this case very fully for the reason that when considered it leaves but little to be determined on this appeal.

The contention of appellant that the trial court was without jurisdiction to entertain the cross-bill and to enter the order of April 11, 1904, appointing the receiver, was decided against her in Ruprecht v. Henrici, 116 Ill. App. 583. This point is *res judicata* in this court, and we will not further discuss it.

The only question remaining is as to which of these contestants the rents and profits of the premises during the redemption period belong. It is clear that the encumbrance of appellee which pledges such rents and profits to the payment of his note, is prior and superior to that of appellant. The receiver is an officer of the court. He holds the funds which properly come into his hands as such officer and subject to disposal by the court. It is but equitable that his disbursements, unless it appears that they were improperly made, should be allowed to him, and it is but just that he should have a reasonable compensation for his services properly performed.

In the decree for sale entered in the consolidated case the court specifically reserved the question of the priority between these parties for the further order of the court. This reservation continued the jurisdiction of the court over this specific subject-matter and over the parties even after the approval of the master's report of sale and distribution, and gave it the power to enter the decree here appealed from.

Finding no reversible error in this record, we affirm the decree of the Superior Court.

*Affirmed.*