CAROLINE RUPRECHT

*v.*

JOSEPH H. MUHLKE, Exr.

*Opinion filed December 22, 1906—Rehearing denied Feb. 12, 1907.*

1. MORTGAGES—*when mortgagee is entitled to rents collected by a receiver under improper appointment.* A mortgagee lawfully in possession of the mortgaged premises and entitled to the rents and profits during the redemption period, who is deprived of such possession by the improper appointment of a receiver under a prior trust deed, is entitled to the rents and profits collected by such receiver during the period of such improper appointment, less the necessary expenses incurred by him in making the premises productive of income.

2. SAME—*when lien can be enforced only through the appointment of receiver.* Where, after foreclosure of a senior trust deed and a subsequent mortgage and sale of the premises for the amount of the senior trust deed, the mortgagee is let into possession of the property, a lien created by a junior trust deed upon the rents and profits can be enforced against the mortgagee so in possession, only through the appointment of a receiver.

. 3. PLEADING—*when cross-bill, filed after final decree, is in apt time.* A cross-bill filed by the holder of a junior trust deed after the final decree in a proceeding to foreclose the prior trust deed and a subsequent mortgage, is filed in apt time where it does not attempt to interfere with the decree but only seeks the appointment of a receiver to apply the rents and profits upon the indebtedness secured by the junior trust deed, in accordance with his answer to the foreclosure bill.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

MASON & WYMAN, for plaintiff in error.

ARNOLD TRIPP, for defendant in error:

The appointment of a receiver to collect rents to apply on a decree which is all deficiency and unsatisfied in every part is proper, notwithstanding the first mortgagee, who filed the original bill, is paid in full by the sale of the mortgaged premises. *Ruprecht* v. *Henrici,* 116 Ill. App. 583.

· The cross-bill was not filed until after final decree was entered in the original suit declaring the rights of the parties in respect to their several liens, but as it did not propose to interfere in any way with the operation of that decree, the cross-bill was filed in sufficient time to be considered. In a case so circumstanced it ought never to be too late to file such cross-bill so long as the court has control of the case. *Artesian Well Co.* v. *Life Ins. Co.* 57 Ill. 425.

A provision in the mortgage authorizing the trustee or receiver to collect the rents creates a valid lien upon the rents, which equity will enforce, without regard to the mortgagor's insolvency, on application of the mortgagee. *Bank* v. *Steel Co.* 174 Ill. 140.

A second mortgagee holding a deficiency decree is entitled to the continuance of a receiver after sale of mortgaged premises on foreclosure of the first mortgage and to receive

the rents during the period of redemption. *Roach* v. *Glos,* 181 Ill. 447.

When a receiver is appointed in a suit to foreclose the first mortgage, the second mortgagee being a party, and the first mortgage is satisfied out of the proceeds of the foreclosure sale, leaving the second mortgage unpaid, either altogether or in part, resort may be had for the deficiency on the second mortgage to the rents collected by the receiver. High on Receivers, (3d ed.) sec. 688; *Roach* v. *Glos,* 181 Ill. 447.

A receiver may be appointed after foreclosure decree and sale, with power to collect the rents during the period of redemption and apply them on the deficiency resulting from the sale, where the mortgage creates a lien on such rents, and it could not have been ascertained before sale whether there would be any deficiency necessitating such appointment. *Bank* v. *Steel Co.* 174 Ill. 141.

Mr. JUSTICE HAND delivered the opinion of the court:

It appears from the pleadings and proof found in the record in this case that on the 23d of April, 1903, Catherine Bredow was the owner of premises situated in the city of Chicago known as Nos. 628, 630 and 632 LaSalle avenue, which premises were subject to four trust deeds securing indebtedness aggregating the sum of $14,000, running to A. T. Galt, trustee, a trust deed securing the sum of $6000, running to Arnold Tripp, trustee, and a mortgage for the sum of $4000, owned by Caroline Ruprecht, the plaintiff in error, which were liens upon said premises in the order hereinbefore named; that on that day the plaintiff in error filed a bill to foreclose her mortgage in the superior court of Cook county; that on July 18, 1903, Galt filed a bill in said superior court to foreclose the trust deeds running to him; that Philip Henrici answered the bill filed by Galt, in which answer he set up the Tripp trust deed, and averred he was the owner of the indebtedness secured thereby. The bills filed by plaintiff in error and Galt were subsequently

consolidated and the consolidated case was referred to a master, who reported the amounts due upon the Galt trust deeds, the Tripp trust deed and the Ruprecht mortgage, and a decree of foreclosure and sale was entered. The master advertised the premises for sale, and Galt bid the amount of the trust deeds, interest and cost, running to him, and the premises were struck off and sold to him. The master reported the sale to the court and the same was approved. Thereupon the defendant in error filed a petition for the appointment of a receiver to take charge of the property during the redemption period, and to apply the rents, issues and profits in payment of the indebtedness secured by the Tripp trust deed, and on November 24, 1903, B. F. Clettenberg was appointed receiver, and the plaintiff in error, who had been let into the possession of the premises, surrendered the possession of the premises to said receiver. The order appointing Clettenberg, upon the appeal of the plaintiff in error, was reversed by the Appellate Court (*Ruprecht* v. *Henrici*, 113 Ill. App. 398,) on the ground that the pleadings filed by the defendant in error in the consolidated case did not entitle him to affirmative relief. During the time Clettenberg was acting as receiver under the order of November 24, 1903, he collected $1713.80 as rent and expended $765.43 in caring for and maintaining the premises, which left a net balance of $948.37 in his hands, as such receiver, at the time the order appointing him receiver was reversed by the Appellate Court. Upon the appointment of the receiver being annulled by the action of the Appellate Court, the defendant in error filed a cross-bill asking that the rents, issues and profits arising from the premises be applied to the payment of his indebtedness secured by the Tripp trust deed and that a receiver be appointed, and on April 11, 1904, the court again entered an order, based upon such cross-bill, appointing Clettenberg receiver. Upon his re-appointment the receiver charged himself with the balance in his hands during his former receivership, and the premises were by

order of court again placed in his hands as receiver. The plaintiff in error entered her motion to strike the cross-bill from the files, on the ground it had not been filed in apt time and was filed without leave of court. That motion was over-ruled by the trial court and its action was affirmed by the Appellate Court. (*Ruprecht* v. *Henrici,* 116 Ill. App. 583.) In the meantime the receiver had collected, including the balance of $948.37 received by him during his first receiver-ship, as rent of the premises, the sum of $4524.47, and ex-pended during his second receivership $1172.43, which left in his hands on April 15, 1905, for distribution, the sum of $3352.04. The plaintiff in error filed a special demurrer to the defendant in error's cross-bill, which was overruled. She also filed a petition asking that the receiver be required to pay over to her the $1713.80 collected by him during his first receivership; also the amount collected by him during his appointment under the defendant in error's cross-bill. The prayer of the petition was denied, and the receiver was allowed, by order of court, the sum of $433.66 as his com-pensation as receiver, and he was ordered to pay over to the defendant in error, to apply upon the indebtedness secured by the Tripp trust deed, the balance in his hands, which, af-ter deducting his compensation and expenses, amounted to $2918.38,—to all of which rulings the plaintiff in error ex-cepted, and the action of the trial court having been affirmed by the Appellate Court, a writ of error has been sued out from this court to review the action of the Appellate Court.

During the pendency of the case in the Appellate Court Philip Henrici died, and his executor, Joseph H. Muhlke, was substituted in his stead and appears in this court as de-fendant in error.

The first contention made by the plaintiff in error is, that the trial court erred in ordering the funds collected by Clet-tenberg during the period intervening between his first ap-pointment as receiver and the order of the Appellate Court reversing the order of the superior court appointing him re-

ceiver, paid over by the receiver to the defendant in error's testator. It appears that at the time Clettenberg was appointed receiver on the petition of Philip Henrici, on November 24, 1903, plaintiff in error was lawfully in possession of said premises, which entitled her to the rents and profits arising therefrom during the period of redemption, against Catherine Bredow or anyone claiming through or under her. This being true, the plaintiff in error was entitled to receive said rents, issues and profits, as against the defendant in error, unless he could reach them through a receiver. This he attempted to do, but by reason of a defect in the pleadings the appointment of the receiver was improperly made and the appointment was vacated and set aside by the Appellate Court. The receiver, under an order of court, obtained the possession of the premises from the plaintiff in error, and upon his appointment being set aside and vacated we see no reason why the possession of the premises should not have been restored to the plaintiff in error, and the rents, issues and profits arising from the premises collected by the receiver, less the receiver's legitimate expenses during the period intervening between his appointment and the annulment thereof, turned over by the receiver to the plaintiff in error. Had the possession of said premises not been taken from the plaintiff in error by the receiver under the order of the court she would have received said rents, issues and profits, and as it subsequently appeared the receiver was improperly appointed and he was removed, we do not think the defendant in error can avail himself of such appointment to deprive the plaintiff in error of the use of said premises during the time said receiver was improperly in the possession of said premises, but think that the receiver during that period must be held to have retained the possession of said premises for the use and benefit of the plaintiff in error.

In *Davis* v. *Dale*, 150 Ill. 239, it was held that the grantor in a trust deed or mortgage, or the owner of the equity of redemption, is entitled to the possession of the premises, and

to receive the rents, issues and profits arising therefrom, after the sale and until the time of redemption has expired, and that where a receiver of the premises was appointed and the premises sold for enough to satisfy the foreclosure decree, interest and costs, the necessity for a receiver ceased and the receiver should be discharged, but in the event the receiver was not discharged he would hold the premises for the benefit of the owner of the equity of redemption, and that any rents, issues and profits received from the premises by the receiver would be held by the receiver for the benefit of the person entitled to the possession of the premises, and that the person upon whose application the receiver was appointed would acquire no additional rights to the fund because it was accumulated in the hands of a receiver. Such, we think, must be the case here, and that the court should have held the plaintiff in error was entitled to the rents, issues and profits earned by the premises during the time the premises were in the possession of the receiver under his first receivership, less such sums as he may have paid out for the maintenance and care of the premises.

It is urged, however, that the Tripp trust deed gave the defendant in error a specific lien upon the rents, issues and profits arising from said premises, and that he was entitled to have said rents, issues and profits, as against the plaintiff in error, applied in payment of the indebtedness secured by said trust deed. If it be conceded the Tripp trust deed created such lien, we think that lien could only be enforced, as against the plaintiff in error, who was in possession of the premises, in favor of the defendant in error through a receiver, and as the receiver caused to be appointed by the defendant in error was improperly appointed, the defendant in error cannot, by reason of such illegal appointment, avail himself of such receivership to enforce against the plaintiff in error, who had been illegally deprived of the possession of said premises, said lien. 1 Jones on Mortgages, sec. 670;

*First Nat. Bank* v. *Illinois Steel Co.* 174 Ill. 140; *Gandy* v. *Coleman,* 196 id. 189; *Schaeppi* v. *Bartholomae,* 217 id. 105.

We are of the opinion the trial court erred in directing the rents, issues and profits collected by the receiver during the period of his first appointment to be paid to the testator of the defendant in error.

The next contention of the plaintiff in error is, that the cross-bill of defendant in error was not filed in apt time, and for that reason it is urged the second appointment of Clettenberg as receiver was improperly made. The general rule is that a cross-bill should be filed in apt time, which would usually be before final decree. (*Fread* v. *Fread,* 165 Ill. 228.) In this case, however, no attempt was made, by virtue of the cross-bill, to interfere with the final decree, which had been entered and executed by a sale of the premises prior to the time the cross-bill was filed. The sole object of the cross-bill was to reach, through a receiver, the rents, issues and profits of the premises sold, during the period of redemption. In *Chicago Artesian Well Co.* v. *Connecticut Mutual Life Ins. Co.* 57 Ill. 424, which was a mechanic's lien suit, a cross-bill was filed after a final decree, declaring the rights of the parties in respect to their several liens, had been entered; but said cross-bill was not filed with a view to interfere in any way with the operation of that decree, nor did it tend to delay the petitioner in securing his rights under said final decree, hence the cross-bill was regarded as filed in sufficient time. We think the cross-bill was properly filed.

It is further contended that the receiver should not be allowed to retain from the rents collected during his first receivership the amount of his disbursements. The report of the receiver has not been abstracted. We are therefore unable to determine from the abstract what the amount deducted from the rents collected by the receiver during his first receivership was expended for. It seems evident from

the briefs of the respective parties, however, that a large part, if not the whole, of the expenses of the receiver for which he received credit was made necessary in order that the premises might be made to yield rent, such as coal for heating the buildings and repairs upon the boiler, machinery and plumbing, and which were expenses that would necessarily have been made by the plaintiff in error had she remained in possession of the premises, in order to make the same yield rent. We are not, therefore, disposed to interfere with the part of the order of the trial court which allows the receiver credit for such expenditures.

It is finally contended that the cross-bill of the defendant in error was not sufficient upon which to base the order appointing the receiver, in this: that it failed to allege that the property was improved or yielded rents. The sole controversy here between the plaintiff in error and the defendant in error is, who is entitled to the rents, issues and profits arising from said premises during the period of redemption? We think the cross-bill sufficient upon which to base the order of April 11, 1904, appointing Clettenberg receiver of the premises, and that during the time that the premises remained in the possession of the receiver under that order the defendant in error was entitled to receive the rents, issues and profits arising therefrom, less the receiver's expenditures and compensation.

For the error indicated, the judgment of the Appellate Court and the decree of the superior court will be reversed and the cause remanded to the superior court, with directions to enter a decree directing the receiver to pay over to the plaintiff in error the sum of $948.37, that being the net balance in his hands arising from rents collected during his first receivership, and that he pay the amount received by him during his second receivership, less his compensation and disbursements during that period, to the defendant in error.

*Reversed and remanded, with directions.*