Benedict K. Goodman, Appellee, v. Theodore Heinen et al., Defendants.
Appeal of Edward J. Lusk and Edward M. Bertha, Appellants.

Gen. No. 34,024.

Opinion filed January 2, 1930.

SONNENSCHEIN, BERKSON, LAUTMANN & LEVINSON, for appellants; BEN ROTHBAUM, of counsel.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee; M. PAUL NOYES, of counsel.

MR. JUSTICE RYNER delivered the opinion of the court.

This is an appeal from an interlocutory order appointing a receiver, *pendente lite,* in a foreclosure proceeding pending in the circuit court of Cook county. The bill of complaint was not verified, except that it was accompanied by an affidavit in which it was stated, upon information and belief, that the owner of the equity of redemption, Theodore Heinen, was a resident of the City of Los Angeles, in the State of California. The receiver was appointed pursuant to the prayer of a petition sworn to by the complainant.

It was alleged in the petition that the complainant was the owner and holder of notes aggregating the principal sum of $86,000, secured by a second trust deed upon the premises being foreclosed; that there had been a default as to the payment of the principal and interest due on the notes; that there was a first trust deed upon the property, securing an indebtedness of $125,000, which was due and no part of which had been paid; that the rents derived from the property exceeded, in the aggregate, the sum of $2800 per month and that the trust deed securing the notes, held by the complainant, pledged the rents, issues and profits, arising from the property, as additional security, and also provided that, upon the filing of a bill to foreclose, the court was authorized to appoint a receiver, without notice.

Theodore Heinen, owner of the equity of redemption, was not served with notice of the application for

the appointment of a receiver. The excuse given for not serving him with notice is that he was a nonresident. Notice of the application was served upon Edward J. Lusk and Edward M. Bertha, the parties who were granted and perfected this appeal. The petition made no mention of the interests of Lusk and Bertha, but the bill of complaint alleged that Bertha was the legal holder and owner of a note in the principal sum of $6,500, secured by a third trust deed upon the premises. In addition to this, counsel for the complainant state in their brief that Bertha was the owner of such a note and that Lusk was the trustee under the third trust deed given to secure the note.

The order appointing the receiver was in the usual form, except that it excused the complainant from giving bond in words as follows:

"It is further ordered, upon good cause shown, that no bond be required of the complainant in connection with the appointment of said receiver."

The order further provided that, with the consent of the receiver, he was to serve without compensation until the foreclosure sale was had, and that, following the sale, he was to receive two per cent of the gross income collected by him.

The petition for the appointment of the receiver contained no allegations and the order of appointment contained no findings that the premises constituted scant security for the notes held by the complainant, that waste was being committed, or that the maker of the notes was insolvent.

The statute of this State, Cahill's St. ch. 22, ¶ 55, relating to the appointment of receivers provides:

"That before any receiver shall be appointed the party making the application shall give bond to the adverse party in such penalty as the court or judge may order and with security to be approved by the court or judge, conditioned to pay all damages includ-

ing reasonable attorneys' fees sustained by reason of the appointment and acts of such receiver, in case the appointment of such receiver is revoked or set aside; *provided,* that bond need not be required, when for good cause shown, and upon notice and full hearing, the court is of opinion that a receiver ought to be appointed without such bond."

There was neither proof nor findings which justified the waiver of a complainant's bond. The appointment of a receiver is a drastic remedy and should not be made without requiring the statutory bond, regardless of any contract between the owner and the holder of the mortgage, under foreclosure, that complainant's bond be waived, unless it is made to appear to the trial court that it is equitable so to do. *Bagley v. Illinois Trust & Sav. Bank,* 199 Ill. 76.; *Bothman v. Lindstrom,* 221 Ill. App. 262; *Chicago Title & Trust Co. v. Bickley,* 255 Ill. App. 45, and cases cited.

The right of the holder of a third mortgage to obviate the jeopardizing of his security by the expense of a receivership, is so obvious that it is idle talk to say that he has no appealable interest. Neither is it an answer to say that he is not harmed because the receiver was to serve without compensation before the foreclosure sale. The order of appointment provided compensation for him on a commission basis, after sale, whether there was a deficiency or not. This affords an additional reason for holding the order to be erroneous.

Aside from the provisions of the statute, the appointment of a receiver is a judicial act and calls for the exercise of a sound discretion on the part of the chancellor. If a receiver is appointed, the complainant should be required to give bond unless equitable grounds appear which warrant the waiver of the bond. Whether the bond is to be required or not, likewise, rests in the discretion of the trial court. The excusing

of a complainant's bond where, as in the instant case, the order of appointment shows no reason for so doing, constitutes reversible error.

The error is conceded by counsel for the complainant in the suggestion made in their brief that: "every interest of justice and equity will be satisfied on the present appeal and all rights protected if the court will follow the practice adopted by it in the case of *Walenti v. Krolik,* 234 Ill. App. 407, and reverse the order here appealed from, with directions to the Circuit Court, either to require the complainant to give a bond with such penalty and security and with such conditions as are mentioned in the statute, or, upon a notice and full hearing, to state that such bond is not required and enter an order accordingly."

We agree that the order of the circuit court should be reversed, but we find no occasion for directing that court how to proceed in the future, as was done in the case of *Walenti v. Krolik, supra.* The provisions of the statute are plain and unambiguous. The duty rests upon the complainant to proceed in conformity with the law. If he does so, nothing in this opinion or the order to be entered by this court will deprive him of obtaining any relief to which he shows himself to be entitled.

The order of the circuit court of Cook county, appealed from, is reversed.

*Order reversed.*

WILSON, P. J., and HOLDOM, J., concur.