Oscar H. Haugan, Appellant, v. Carl Thorgersen et al., Defendants. Bernard Given, Appellee.

Gen. No. 35,984.

Opinion filed March 29, 1933.

Miller, Gorham, Wales & Adams, for appellant.

Irving L. Block, for appellee.

Mr. Justice Hall delivered the opinion of the court.

This is an appeal by the complainant, trustee, from an order of the circuit court of Cook county entered in a foreclosure proceeding directing the receiver appointed under a former order to pay over certain moneys collected by such receiver to the owner of the property. On an interlocutory appeal from the order

appointing such receiver, this court reversed the order upon the ground that the bill failed to make a sufficient showing to justify such appointment. After the filing of the mandate of this court in the circuit court, upon a petition filed by complainant, for the appointment of a second receiver, such appointment was made. In the interim between the appointment of the first receiver, the filing of the mandate of this court, and the appointment of the second receiver, said first receiver, as shown by its final account, had collected the sum of $11,407.05, had disbursed $6,770.50, leaving a balance on hand of $4,636.55, which sum this receiver, by the order of the circuit court, was directed to turn over to Bernard Given, the owner of the property. It is from this last order that this appeal is taken.

In complainant's "Argument and Brief" he makes the following statement, which we will presume states his case in this appeal:

"In the cause at bar complainant elected to file a bill to foreclose and apply for the appointment of a receiver to collect the rents, issues and profits during foreclosure. The application for the appointment of a receiver is the only way in equity by which the mortgagee can reduce the rents, issues and profits to possession. Complainant in this case, therefore, did the only act which it was necessary or possible for him to do in equity to reduce his lien to possession." True, and if complainant's bill, upon which the application for receiver was made in the first instance, had made a case which entitled him to such relief, he would have had it. In reversing the order appointing the first receiver, this court said: *(Haugan v. Thorgersen,* 263 Ill. App. 656 [Abst.].)

"Presumably, the complainant could have made a showing as to the present value of the property so as to enable the court to determine whether it would be necessary to sequester the rents for complainant's

protection *pendente lite,* and it was complainant's burden to make this showing." This complainant did not do, so that the question as to whether or not under the bill as filed, he was entitled to have the rents, issues and profits from the mortgaged property sequestered *pendente lite,* is *res adjudicata.*

In *Levin v. Goldberg,* 255 Ill. App. 62, this court said:

"The provision in a trust deed, pledging the rents, issues and profits is for the sole purpose of providing a secondary fund or security to protect the mortgagee against loss in the event that upon foreclosure and sale there is a deficiency. Until the mortgagee takes possession or procures the appointment of a receiver, he has no better claim to the rents than a stranger. Until he takes such action the owner may permit any person whether duly authorized in writing or otherwise to collect the rents and retain, from the amounts collected, commissions and disbursements. *It is his money and he may do with it as he pleases.*"

In a late case the Supreme Court in *Rohrer v. Deatherage,* 336 Ill. 450, said at page 454: "The mortgagor is entitled to his rents until a receiver is actually appointed, and the receiver cannot collect rents already paid to the mortgagor."

Until the receiver now acting was appointed, the income from the premises in question belonged to the owner. The trial court was not in error in ordering the receiver, whose appointment was nullified and deprived of its legal force and effect by the order of this court, to pay over to the owner the rents which such receiver had collected.

The order of the circuit court is affirmed.

*Affirmed.*

Wilson, P. J., and Hebel, J., concur.