Benedict K. Goodman, Appellee, v. Theodore Heinen
et al., Appellants.

Gen. No. 39,441.

Heard in the first division of this court for the first district at the April term, 1937. Opinion filed June 14, 1937. Rehearing denied and additional opinion filed June 29, 1937.

RATHJE, HINCKLEY, BARNARD, KULP & TUCKER, of Chicago, for appellants; FRANCIS E. HINCKLEY and CHARLES HERBERT MILLER, of Chicago, of counsel.

McKINNEY, FOLONIE & GREAR, of Chicago, for appellee; HAYES McKINNEY, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Benedict K. Goodman filed his bill to foreclose the lien of a trust deed securing an indebtedness on which there was a balance due of $86,000. Two days thereafter, on motion of complainant, a receiver was appointed. Twenty-nine days afterward some of the defendants appealed to this court, where the order was reversed. *Goodman v. Heinen,* 255 Ill. App. 395. Upon his appointment the receiver entered upon the dis-

charge of his duties and collected the rents until the order was reversed, at which time he had $2,040.77 remaining in his hands. He filed his account and deposited the money with the clerk of the court, as ordered by the chancellor. The trust deed which Goodman sought to foreclose was a second lien on the premises. At the time the bill was filed the first mortgage of $125,000 was overdue. There was a third mortgage lien securing an indebtedness of $6,500.

January 2, 1930, the day the order appointing the receiver was reversed, a second receiver was appointed in a suit brought to foreclose the first mortgage and the first receiver surrendered the property to him. July 14, 1933, Goodman filed his petition praying that the $2,040.77 be turned over to him to apply on the amount due him. Some of the defendants, who claimed to represent the owner of the equity, filed their answer praying that the money be awarded to them. There was a hearing before the chancellor, considerable evidence was introduced on both sides, a decree was entered awarding the money to Goodman, and some of the defendants prosecute this appeal.

The record discloses that a decree was entered in the suit foreclosing the trust deed which was a first lien on the premises, in which it was found there was due the complainant in that case more than $156,000 and that there was due Goodman $93,860.43. The property was afterward sold, pursuant to the decree, for $135,000. The sale was approved and a deficiency decree entered in favor of complainant in that suit for $26,379.02.

On the hearing of the issue raised by Goodman's petition and defendants' answer, considerable evidence was introduced as to what took place prior to and at the time of the appointment of the receiver, the evidence on behalf of Goodman being to the effect that the appointment of the receiver was consented to by defendants; while defendants' evidence tended to show

that under the facts Goodman was entitled to have a receiver appointed, but that they did not consent to it. The chancellor made no specific finding on this point but, as stated, awarded the money in the hands of the clerk to Goodman.

Counsel for Goodman contend that the conduct of defendants' counsel at the time of the appointment of the receiver was such that it would be inequitable to award the fund in question to defendants because "It would clearly violate the rule against giving any advantage to one who does not come into equity with clean hands"; the evidence shows that defendants' counsel knew that no valid objection could be made to the appointment of a receiver; that he examined the draft of the order prepared by counsel for complainant for the appointment of the receiver and knew that it was technically defective under a recent decision of the Appellate Court, in which case defendants' counsel represented one of the parties, but that he failed to call attention to such defects and thereby misled the court into entering the order which was not technically in proper form.

On the other side, counsel for defendants say that at the time of the appointment of the receiver their counsel "disregarded no duty and violated no obligation to the Court or to opposing counsel by anything that he did or failed to do at the time." And counsel contend that since the order appointing the receiver was reversed, and "since the property was taken from the possession of Edward M. Bertha & Company, which was lawfully collecting the rents . . . the property must go back to the place whence it came, and the income accrued in the meantime belongs to the persons or corporation who would have had it if the improper order had not been entered, namely, Edward M. Bertha & Company."

We think it unnecessary to pass on the question of ethics involved because we are of opinion that the fund

in question was properly awarded to Goodman. The order appointing the receiver was reversed by the third division of this court for the reason that, ''There was neither proof nor findings which justified the waiver of a complainant's bond,'' and that ''The order of appointment provided compensation for him on a commission basis, after sale, whether there was a deficiency or not. This affords an additional reason for holding the order to be erroneous.''

The trust deed provided that after a breach by the grantors of any of the covenants the trustee might take possession of the premises. Further, the grantors waived all right to the possession and income from the premises pending foreclosure and until the period of redemption from any sale had expired; that a receiver might be appointed without notice; that as further and additional security the grantors assigned all rents, issues and profits arising out of the premises to the trustee, and authorized him to collect the rents, bring forcible detainer, re-rent the premises or any portion thereof on such terms as the trustee might deem proper, and apply the proceeds to any expenses the trustee might incur, and to the payment of the principal indebtedness secured by the trust deed, rendering the overplus, if any, to the grantors when the indebtedness was paid in full.

At the time the bill was filed $86,000 of principal was due and unpaid. The indebtedness secured by the first mortgage on the property, $125,000, was also overdue. The property was sold pursuant to a decree entered foreclosing the first mortgage lien. The sale was approved by the court and after applying the proceeds of the sale there was a deficiency of more than $26,000 still due and owing under the first mortgage. The decree in that suit found there was more than $93,000 due Goodman, and unless he is awarded the fund in question he will be unable to realize any-

thing. In these circumstances it would be highly inequitable to award the $2,040.77 to the owner of the equity of redemption or to his agent.

Moreover, under the express terms of the trust deed the rents were assigned to the trustee as additional security for the payment of the indebtedness. The trust deed also provided that upon default by the grantors or their assigns, the trustee might enter into possession of the premises, collect the rents and take charge of the property, and that it was not necessary that the trustee go into court to enforce these provisions. After default the fee title to the premises was in the trustee and the trustee could then take possession of the property. The trustee's title was a base or determinable fee and it could retain possession until the debt was paid. *Wolkenstein v. Slonim,* 270 Ill. App. 473, affirmed 355 Ill. 306. Clearly then the rents collected belonged to Goodman. In any view of the case, we think the rents were properly awarded to Goodman. The order appointing the receiver was reversed because the court held it did not comply with the provisions of ch. 22, par. 55, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 106.19. The court also held ''the order to be erroneous.''

To sustain their contention counsel for defendants rely chiefly on the cases of *Ruprecht v. Muhlke,* 225 Ill. 188, and *Haugan v. Thorgersen,* 270 Ill. App. 128.

In the *Ruprecht* case a bill was filed to foreclose a mortgage. The holder of a junior incumbrance was made a party defendant; he answered. A decree of sale was entered and the premises sold for sufficient to satisfy the amount due complainant. Afterward defendant, who owned the junior incumbrance, filed a petition, and pursuant to the prayer thereof a receiver was appointed. An appeal was taken from that order to this court where it was reversed. *Ruprecht v. Henrici,* 113 Ill. App. 398. The court there said (p. 401):

"That a defendant cannot have affirmative relief on such an answer as that of appellee, and that to obtain such relief he must file a cross-bill, are propositions too well settled to admit of controversy. . . .

"If, either for want of jurisdiction or for want of the necessary pleading on which to base ultimate relief, such relief cannot be granted, a receiver cannot properly be appointed." And continuing the court said (p. 403): "Appellee's counsel contends that the petition for a receiver was sufficient to warrant the appointment, which might be true had appellee filed a cross-bill for the foreclosure of his trust deed, with proper averments, which, if proved, would be a basis for an ultimate decree in his favor; but a mere interlocutory petition for a receiver cannot be regarded as a substitute for a cross-bill." After the reversal by the Appellate Court of the order appointing a receiver, the owner of the junior mortgage filed a bill and asked for a receiver to collect the rents. The court appointed a receiver and the rents collected by the receiver were awarded to the holder of the junior incumbrance. The decree was affirmed by this court. *Ruprecht v. Henrici,* 116 Ill. App. 583. Afterward a writ of error was sued out of the Supreme Court, where the decree was reversed in part, the court holding that the rents collected by the receiver appointed on the answer of the junior incumbrancer should have been awarded to the owner of the equity of redemption. The court there said (*Ruprecht v. Muhlke,* 225 Ill. 188, p. 193): "The receiver, under an order of court, obtained possession of the premises from the plaintiff in error, and upon his appointment being set aside and vacated we see no reason why the possession of the premises should not have been restored to the plaintiff in error, and the rents, issues and profits arising from the premises collected by the receiver, less the receiver's legitimate expenses during the period intervening between his

appointment and the annulment thereof, turned over by the receiver to the plaintiff in error. Had the possession of said premises not been taken from the plaintiff in error by the receiver under the order of the court she would have received said rents, issues and profits, and as it subsequently appeared the receiver was improperly appointed and he was removed, we do not think the defendant in error can avail himself of such appointment to deprive the plaintiff in error of the use of said premises during the time said receiver was improperly in possession of said premises, but think that the receiver during that period must be held to have retained possession of said premises for the use and benefit of the plaintiff in error.'' The court there further said that if it be conceded that the junior trust deed created a lien on the rents, (p. 194) ''we think that lien could only be enforced, as against the plaintiff in error, who was in possession of the premises, . . . through a receiver, and as the receiver caused to be appointed by the defendant in error was improperly appointed, the defendant in error cannot, by reason of such illegal appointment, avail himself of such receivership to enforce against the plaintiff in error, who had been illegally deprived of the possession of said premises, said lien.'' In that case it was held that a receiver was illegally appointed on the answer of the junior incumbrancer and that under our procedure this could not be done—that a cross-bill should have been filed. It does not appear that the provisions of the trust deed in that case were similar to the provision in the trust deed before us. In the instant case this court held (255 Ill. App. 395) that the order appointing a receiver was erroneous because no sufficient reason was shown in the order appointing the receiver for dispensing with the giving of a bond by the complainant, and that the order provided for compensation to the receiver on a commission

basis, whether there was a deficiency or not. The order here was merely erroneous and not illegal and void.

In *Central Trust Co. v. McGurn,* 257 Ill. App. 45, we had occasion to pass on the validity of the appointment of a receiver in a foreclosure suit and what should appear from the record to dispense with the filing of a bond by complainant, pursuant to ch. 22, par. 55, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 106.19. We there reviewed the authorities and held that "the whole record may be examined to determine whether a bond should be required of the complainant, and that it is not necessary that the order appointing the receiver contain the facts which, in the opinion of the court, excuse the giving of the bond." That holding was concurred in by the nine justices of this court, and included the three justices who decided *Goodman v. Heinen,* 255 Ill. App. 395. In that case we further held that although the order appointing the receiver might have been defective, we would not reverse it because the verified bill set up sufficient facts to excuse the giving of the bond by the complainant to the adverse parties; and that it would be an idle ceremony to reverse the order so that a more proper one might be entered, which we refused to do. We there said (p. 56) : "It would therefore be an idle ceremony to reverse the order, which we will not do. *Walker v. Kersten,* 115 Ill. App. 130."

In the *Walker* case it was held that where a receiver was appointed in a foreclosure suit, the complainant should, in the absence of a special showing, be required to give bond to the adverse party, but that a failure to require such bond was not reversibly erroneous where the appointment of the receiver was proper.

In the *Haugan* case (270 Ill. App. 128) a receiver was appointed in a foreclosure suit and an appeal was taken to this court where the order was reversed.

(263 Ill. App. 656.) The complainant then filed a petition in the foreclosure suit for the appointment of a second receiver and such appointment was made. In the interim the first receiver collected rents, and the court ordered the first receiver to turn over the money collected by him to the owner of the property. An appeal was taken to this court where the order was affirmed. In the opinion filed (263 Ill. App. 656) the court said, "The trust deed pledges the rents, issues and profits from the premises as security for the indebtedness, and provides that upon the filing of any bill for the purpose of foreclosing said trust deed, complainant shall be entitled as of right to the appointment of a receiver of the mortgaged property." Whether the trust deed in that case contained provisions similar to those in the trust deed in the case before us does not appear, and the question whether the trustee was entitled, under the terms of the trust deed, to take possession of the rents, issues and profits without suit, was in no way considered. Here the trust deed assigned the rents and authorized the trustee, upon default, to take possession of the property. Moreover, in the instant case the evidence shows that no objection was made to the appointment of a receiver and that the only objection raised on appeal was that the order appointing the receiver was not in proper form.

In Freeman on Judgments (5th ed., sec. 1171, p. 2426), it is said restitution will not be ordered where one obtains money under a judgment afterward reversed, when in equity and good conscience he is entitled to retain the money so obtained. See also *In re DeTamble*, 88 F. (2d) 893. So, in the instant case, the record discloses that Goodman is equitably entitled to the money in question. His debt of more than $93,000 is wholly unpaid and therefore the fund ought

not to be returned to the owners of the equity, who still owe Goodman that amount.

We are further of opinion that the decree should be affirmed because the apparent owner of the equity is the Edward M. Bertha Realty Trust, and it does not make a claim to the fund; but the defendants contend the fund ought to be turned over to Edward M. Bertha & Company, a corporation, which was the agent of the building, collecting the rents and managing the property. We think this contention cannot be sustained. In no circumstances could the collecting agent be entitled to the fund.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.

ADDITIONAL OPINION ON PETITION FOR REHEARING.

Defendants have filed a petition for a rehearing and say that in the foregoing opinion we reached our ''conclusion upon the contemplation of certain broad fundamental equities that seem to inhere in the facts of the case''; that the opinion showed that we had searched the record to ascertain certain facts which had not been abstracted and therefore not discussed in the briefs, and that in so doing we ''overlooked one item which, if considered, would unavoidably compel a conclusion contrary to that reached by the Court.'' And counsel say in this connection that we took from the decree entered in the suit foreclosing the first mortgage on the property, the fact that more than $156,000 was due the complainant in that case, which was a first lien on the property; that $93,860.43 was due Goodman, the plaintiff in the instant case, which was a subordinate lien on the premises; that the property was sold for an amount insufficient to pay the

first lien; that there was a deficiency decree in favor of complainant in that suit of $26,379.02, and that from these facts we concluded it would be ''highly inequitable to award the $2,040.77 to the owner of the equity of redemption or to his agent.'' And counsel further say that we overlooked an item in the foreclosure decree in which it was found that Edward M. Bertha & Company had a lien for $4,130.60 on the premises in question, which was superior to Goodman's lien, and therefore the fund of $2,040.77 in question should have been awarded to Edward M. Bertha & Company and not to Goodman. We think this contention is the result of a misapprehension of the holding of this court.

We held that by the terms of the Goodman trust deed the rents were assigned and that Goodman by the appointment of a receiver had sequestered the rents involved here; that the undisputed facts showed that Goodman was entitled to have a receiver appointed, but that the order was reversed by the third division of this court because it was not in proper form.

We think it obvious that we did not award the fund in question to Goodman because he had a second or third lien on the premises but because he was entitled to and had the rents sequestered by the appointment of the receiver. If the fund had been awarded solely on the ground of ''broad fundamental equities'' then it would go to the complainant, who had a first lien, and not to defendants in the instant case, whose lien was subordinate to that of complainant in that case.

The petition for a rehearing is denied.

*Petition denied.*

MATCHETT, P. J., and McSURELY, J., concur.