Edward T. Buttron et al., Appellees, v. Rozalia Repelowicz et al. Anthony W. Kegowicz, Appellant.

Gen. No. 40,257.

Opinion
filed February 27, 1939.

WILLIAM J. RYAN, of Chicago, for appellant; EDWARD N. SHERBURNE, of Chicago, of counsel.

ARTHUR A. MAINA, of Chicago, for certain appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

January 24, 1934, a complaint in equity was filed to foreclose the lien of a trust deed dated August 1, 1928, on certain premises, given to secure an indebtedness of $9,000. After certain pleadings were filed a receiver was appointed April 30, 1934, with the usual powers and duties. He qualified and entered upon the discharge of his duties. December 14, 1937, an order

was entered which recites the coming on of the cause for hearing on the "No Progress Call" and it was dismissed for want of prosecution. The next that appears in the record is an order entered March 14, 1938, which, among other things, approves the third current report and account and "all expenditures listed therein ratified and confirmed." March 22, 1938, Anthony W. Kegowicz, who was not mentioned in the case up to that time, filed his verified petition in which he set up the filing of the complaint for the foreclosure; that at the time the suit was filed, Frank Matysek and Sofie, his wife, had title to the real estate involved; that afterward, March 14, 1938, they conveyed the property by quit claim deed to him; that he now holds title and is the owner of the real estate, and that a receiver was appointed April 30, 1934, who from that date was acting as receiver; that no decree had been entered in the case but that it was dismissed December 14, 1937 for want of prosecution, and he prayed that an order be entered on the receiver to surrender possession of the premises to him and to file his final account and report. On the same day an order was entered that the receiver file his report within 20 days. The next that appears in the record is that 24 days thereafter, April 15, 1938, the receiver filed his verified final report and account in which he itemized the receipts and disbursements and showed a balance of $642.48. In that document it is stated there is "Outstanding and unpaid against this account are (known) back taxes of . . . $548.96." There is also a statement that "This account and property management remains with Homer B. Ash as before, Mr. Ash having been re-appointed Receiver on even date herewith, March 22, 1938 (by Judge Burke) and new bond duly executed." On the same day an order was entered approving the receiver's final report and account; that the receiver retain $25 for his compensation, pay bills shown by the

report of $65.50, and it was further ordered that the receiver be authorized and directed to apply the entire balance of funds in his hands in payment of general taxes levied against the premises. Five days thereafter, counsel for Kegowicz presented a verified petition in which he again set up foreclosure proceedings and that he obtained title to the premises on March 14, 1938 by quit claim deed, as above stated; that the receiver had not filed his final report and account within 20 days, as ordered by the court March 22, 1938, but that it was filed 4 days thereafter without notice to him, and the order of April 15 entered. The prayer was that the latter order be vacated and the receiver turn over the funds in his hands to the petitioner. An order was entered on the same day denying the prayer of the petition.

Kegowicz by this appeal seeks to reverse the two orders entered, one on April 15, 1938 and the other April 20, as above stated. His position is that since the foreclosure suit was dismissed for want of prosecution the moneys in the hands of the receiver, at the time he filed his final report and account, should be turned over to him because he was the owner of the real estate by virtue of the quit claim deed of March 14, 1938.

If we assume that Kegowicz was the record owner of the property by virtue of his quit claim deed, it does not follow that he would be entitled to the moneys in the hands of the receiver. The trust deed securing the indebtedness was attached to and made a part of the complaint but it is not in the record before us. We think, however, sufficient appears to show that the rents and profits of the building were pledged as well as the property itself as security for the indebtedness. In the absence of the trust deed we think we may presume the trust deed authorized any receiver that might be appointed to collect the rents and to apply them

toward the payment of any indebtedness against the premises, including taxes. And although the bill was dismissed for want of prosecution we think in the absence of facts showing a clear right of Kegowicz to the rents, they ought not to be awarded to him merely because he obtained a quit claim deed on March 14, 1938 from the persons who, he claimed, were the owners of the equity of redemption. *Goodman v. Heinin,* 291 Ill. App. 19. The equities of the case must be considered and we think Kegowicz has fallen far short of showing he is equitably entitled to have the rents. Moreover the record indicates that Ash, the receiver, was, in another suit appointed receiver of the same premises; that he duly qualified as such receiver and the court ordered the moneys turned over to him as such receiver to be applied toward the payment of taxes.

The orders of the circuit court of Cook county are affirmed.

*Orders affirmed.*

McSurely, P. J., and Matchett, J., concur.