John Toman, Successor to Joseph L. Gill, Appellant,
v. Park Castles Apartment Building Corporation,
Appellee. Metropolitan Life Insurance Company,
Cross Appellant and Appellee.

Gen. No. 40,732.

Heard in the first division of this court for the first district at the October term, 1939. Opinion filed January 22, 1940. Rehearing denied February 5, 1940.

THOMAS J. COURTNEY, State's Attorney, for appellant; MARSHALL V. KEARNEY, JACOB SHAMBERG and BRENDAN Q. O'BRIEN, Assistant State's Attorneys, of counsel.

FOLLANSBEE, SHOREY & SCHUPP, of Chicago, for appellee Metropolitan Life Insurance Company; MITCHELL D. FOLLANSBEE and FREDERIC BARTH, both of Chicago, of counsel.

MARSHALL & MARSHALL, of Chicago, for appellee Park Castles Apartment Building Corporation; MAURICE G. SHANBERG, of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

July 10, 1933, the County Collector of Cook county filed a complaint in the county court of Cook county, praying that he be appointed receiver of certain improved real estate in Chicago to collect the rents and apply them to the unpaid taxes levied against the property. An order was entered 13 days thereafter as prayed for. The County Treasurer entered upon the discharge of his duties as receiver and collected the rents from the date of his appointment, July 23, 1933 to July 23, 1934, during which period he collected $38,-885.47, out of which he disbursed "$17,513.87 for miscellaneous expenses" and applied $9,564.24 to the payment of delinquent taxes and penalties, leaving remaining in his hands $11,807.36.

The proceeding was brought under the Skarda Act passed by the legislature in 1933 (Laws of 1933, p. 873), and on June 20, 1934, the Supreme Court held that county courts did not have jurisdiction of such proceedings because they were not specifically mentioned in the act but jurisdiction was in courts of chancery. *McDonough v. Gage,* 357 Ill. 466.

June 27, 1934, seven days after the Supreme Court handed down its opinion, the cause was transferred to the circuit court of Cook county where a petition was filed by the County Collector, by which court the County Collector was appointed under the provisions of the Skarda Act and continued until April 14, 1935. In 1935 the legislature passed an act in lieu of the Skarda Act which, among other things, authorized the county court to appoint the County Collector receiver for delinquent property to collect the rents, etc., and apply them in payment of the taxes levied against such

property. (Laws of 1935, p. 1166.) Pursuant to this act the County Collector, on December 3, 1935, filed his petition in the county court setting up the necessary facts and he was appointed receiver of the property. February 10, 1936, the Park Castles Apartment Building Corporation, the owner of the property which was made a defendant, filed its answer which, among other things, averred that the County Collector or his agent had on hand, from rents collected as receiver, more than sufficient to pay the taxes in default. More than a year afterward, February 15, 1937, an order was entered by the county court granting leave to the Metropolitan Life Insurance Company to file its "special and limited" appearance which was accordingly done the same day in which it questioned the jurisdiction of the county court to make any order as to the disposition of the rents derived from the property and averred that it was the owner of a note made by the Building Corporation June 15, 1929, for $500,000 which was secured by a trust deed on the property and that the rents were pledged as security for the indebtedness as well as the property; that on February 28, 1934, it had filed its bill in the superior court of Cook county to foreclose the lien of the trust deed which suit was still pending, where it made a motion for the appointment of a receiver and that court on April 12, 1934, entered an order which recited that the premises were in charge of the County Collector who had theretofore been appointed receiver by the county court of Cook county; that the insurance company intended to pay the balance of the delinquent taxes and to have the tax receiver discharged; that the building corporation desired to again take possession of the property after the delinquent taxes were paid and the tax receiver surrendered possession, and was willing to furnish a bond in lieu of the appointment of a receiver and when the building corporation had collected the rents and after deducting necessary expenses it would turn over a sum

sufficient to reimburse the insurance company for moneys it had advanced toward the payment of the delinquent taxes and the balance to the insurance company to be applied on the indebtedness. The order further recited how the property was to be managed by the building corporation, etc. Other matters were set up in the special and limited appearance tending to show the history of what had taken place in the management of the property, including correspondence passing between counsel for the parties.

April 6, 1937, the insurance company filed its verified petition in the county court proceeding stating that in view of the facts set up in its special and limited appearance, that the superior court having first acquired jurisdiction, the matter should there remain in accordance with the order of that court, which it was alleged fixed the rights of the parties to the funds collected by the County Collector; and further that the building corporation was a party to the foreclosure suit and had elected to take the benefits of the order of April 12, 1934. The petition further set up that if the county court made any disposition of the funds in the hands of the tax receiver, the order should provide that they be paid to the insurance company to be applied on account of the indebtedness due it from the building corporation.

April 21, 1937, the county court entered the order from which this appeal is prosecuted. It recites that the cause came on to be heard upon motion of attorneys for the building corporation, due notice having been given to all parties in interest; that the court had "read and considered the various petitions and reports filed by the County Treasurer . . . and the objection of . . . the Building Corporation to the various reports filed by the County Treasurer . . . and the court having heard evidence in open court, . . . and after full and complete hearing, . . . and the parties, by their respective attorneys having stipu-

lated in open court, that this court shall take jurisdiction of the entire receivership cause . . . from July 10, 1933 to the date of the entry of this order, and having jurisdiction of the parties and the subject matter, Finds." The order then continues and takes up about 15 pages of the abstract. It sets forth all that had taken place in the various steps, some of which we have mentioned. Some of the findings are that after the tax receiver was appointed July 10, 1933, he employed an agent to collect the rents and manage the property; that the receiver filed monthly reports of the receipts and disbursements for 10 consecutive months in each of which there was a deduction from the rent collected to pay the renting agent for services rendered, after which the court finds that the disbursements made by the receiver, including what was paid to the renting agents, were made without receiving authority from the court, and objections were sustained to all of the disbursements. The court continuing finds that on September 27, 1934, the receiver filed his report showing that he had on hand $10,425.72, which he wrongfully retained in the meantime permitting penalties to accrue.

The order then finds that a number of similar proceedings brought under the Skarda Act were transferred to the circuit court where the County Treasurer was again appointed receiver of the property; that he also appointed the same managing agent of the property but no order authorizing such appointment was made. The court then finds the filing of the petition in the instant case in the county court and the stipulation of all the parties to reinvest that court with jurisdiction of the entire matter.

The court further finds that on August 31, 1934, the receiver had enough money on hand to pay the taxes in full including penalties and at that time the receiver should have been discharged but that he failed to make report to the court and therefore he was not entitled to

have any compensation for acting as receiver after that time; that from July 27, 1933, to July 3, 1934, the receiver had collected $38,885.47 in rents "and during said period disbursed (exclusive of taxes)" $17,-513.81; that he still had in his hands $11,807.36 although all taxes and penalties had been paid in full. (It does not appear from what source the money came that was used to pay the taxes.)

The order then finds the several amounts that the receiver is ordered to pay to the building corporation. No mention is made in the order of any claim made by the insurance company nor is it referred to in any way except that at the time the order, signed by the judge, was entered the insurance company and the receiver's renting agent objected and excepted.

Afterward the County Treasurer moved to vacate the order or judgment of the county court and the matter was continued from time to time and finally overruled December 6, 1938. Seventeen days thereafter, the County Treasurer served notice of appeal and filed a praecipe for record. February 14, 1939, the insurance company filed notice of a cross appeal.

The evidence heard by the trial court is not in the record.

The County Treasurer, as receiver, contends that the "judgment exceeds the statutory authority vested in the County Court in tax receivership matters; . . . that the trial court had no jurisdiction in this cause to inquire into the proceedings had in two prior receiverships, one in this court and the other in the Circuit Court."

So far as we are able to find, no argument is made in the opening brief of the County Collector in support of the contention that the county court did exceed the statutory authority except that counsel say the order appealed from (awarding the money in the tax receiver's hands and penalizing the receiver for not obtaining authority to employ a renting agent and for not

paying the taxes more promptly) is not within the pleadings in the case. But in his reply brief it is argued that the county court had no jurisdiction to inquire into the two prior proceedings. There is no complaint made as to any of the items charged against the tax receiver. We think there is no merit in the first contention for the reason that, so far as the record discloses, no suggestion was made by counsel that what the court did was not within the pleadings. In these circumstances, no such contention can now be made. (Ill. Rev. Stat. 1939, sec. 42, ch. 110 [Jones Ill. Stats. Ann. 104.042].) That section provides:

"(3) All defects in pleadings, either in form or substance, not objected to in the trial court, shall be deemed to be waived."

Nor is there any merit in the contention that the court had no jurisdiction to inquire into the two prior proceedings. The order of the county court appealed from expressly states that "the parties, by their respective attorneys have stipulated in open court, that this court shall take jurisdiction of the entire receivership cause and the subject matter from July 10, 1933, to the date of the entry of this order." In these circumstances, counsel will not now be permitted to stultify themselves and say the court was not warranted in disposing of the two prior matters. Moreover, we think, neither contention can be sustained. The money was in the hands of the receiver of the court and it was the court's duty to dispose of it and wind up the receivership. The Act of 1935 authorized the county court to appoint a tax receiver in the instant case.

The insurance company contends that the moneys in the hands of the receiver should have been awarded to it to apply on the mortgage indebtedness and not to the building corporation. We think there is merit in this contention as to the rents collected by the receiver after the order of April, 12, 1934 was entered in the

proceeding in the superior court. In that case the insurance company applied for a receiver, as above stated, and the order in effect sequestered the rents from that time and should be applied in payment of the mortgage indebtedness. *Goodman v. Heinen,* 291 Ill. App. 19. From the record we are unable to determine the amount of the rents collected after the entry of the order by the superior court and for that reason that part of the order awarding the rents to the building corporation is reversed and the matter remanded to the county court with directions to determine the amount of the rents collected since the entry of the order by the superior court. In all other respects the decree will be affirmed.

*Reversed in part, affirmed in part and remanded with directions.*